## TUCKER v. SOUTHERN RAILWAY.

1. An exception containing merely an excerpt from a charge without specifying the error, is bad.
2. Charge—Harmless Error.—If Judge err in stating measure of damages, the error is harmless, where jury finds for defendant.
3. Damages for Wilfulness.—It is not error to instruct jury that there must be wilfulness, wantonness, recklessness *and* utter disregard of the rights of others, to warrant finding punitive damages by way of punishment, as each of said elements creates the same liability.

Mr. Justice Woods *dissents.*

Before MEMMINGER, J., Charleston, March Term. 1905. Affirmed.

Action by Robert P. Tucker against Southern Railway Co. Plaintiff appeals from judgment for defendant on following exceptions:

"*First exception.* Upon the plaintiff being asked on direct examination the following question, the presiding Judge erred in ruling and holding: 'But I do hold that the plaintiff cannot go and prove the value of those business engagements.' 'Q. What was the effect of that delay in reaching Gainesville upon your business engagements that you had in Gainesville that afternoon?' ' Objected to as incompetent, as what went on after his arrival at destination is not the proximate and natural consequence of the delay, and cannot be estimated by the jury in considering damages in this case. The Court: 'As I understand, the object of the testimony is not to prove any remote or speculative damages, or loss, that may have arisen by reason of the failure to meet these engagements, but simply to establish the allegation of the complaint. But I do hold that plaintiff cannot go on and prove the value of those business engagements.'

"*Exception second.* The presiding Judge erred in ruling and holding, as follows, during the direct examination of the plaintiff, Robert P. Tucker: 'Q. What were your hotel bills? A. They were nominal; about $3.00 a day. Objected to and motion to strike out by counsel for defense, except as it may refer to hotel bills in transit, on the ground that such damages are remote and speculative, and not the natural and proximate results of the contract of carriage. The Court: That objection should be sustained. That is my understanding of the law, that hotel bills should be confined to loss which occurred in transit.'

"*Third exception.* The presiding Judge erred in refusing to charge the ninth request of the plaintiff in the words as prayed, to wit: '9. The jury is further instructed that a railway company is liable in compensatory damages for a breach

of its contract of carriage made with a passenger, for any loss directly resulting to the passenger, such as the value of the time thereby lost to the passenger and expenses neces-sarily incurred thereby.' And in modifying the same by adding thereto the words: 'Up to his arrival at the destination, or which could have been reasonably anticipated by the parties when the contract was entered into.'

"*Fourth exception.* The presiding Judge erred in charging the jury the fourth request of the defendant, as modified by him, as follows: 'That if the jury find from the evidence that the defendant company was negligent in not transporting the plaintiff to destination with promptness, under the pleadings in this case, and under the charge of negligence, they can only find for the plaintiff such compensatory damages which may fairly and reasonably be considered as naturally arising from the violation of their duty to carry the plaintiff according to the usual course of things, and not damages which arise from circumstances peculiar to this case, unless they find wilful and wanton negligence, as elsewhere explained.'

"*Fifth exception.* The presiding Judge erred in charging defendant's fifth request, as follows: 'That if the jury find from the evidence that the defendant company is liable for damages under the charge of negligence, they cannot find damages against the defendant to compensate him for the breaking of his business engagements, if any, nor for the delay in his business after his arrival at destination, but plaintiff would be entitled to be compensated for any expenses incurred reasonably during the time of his delay before arrival at destination, in case the jury find that such delay occurred through the negligence of the defendant.'

"*Sixth exception.* The presiding Judge erred in charging the jury as follows: 'A common carrier owes a duty to the public, and the negligent violation of that duty is such an act as will imply damages. But in such a case, unless there is proof of some substantial damage, you can only give nominal damages, that is, a trifling sum, and award where a

breach of duty or an infraction of the plaintiff's right is shown, but no serious loss is proved to have been sustained; given by a jury, not to compensate for the wrong, but to maintain the right; because for every violation, invasion or infringement of a legal right, the law implies damage.'

"*Seventh exception.* The presiding Judge erred in charging the jury as follows: 'When substantial damage is not shown, it implies the smallest amount of damages, but still an amount sufficient for the maintenance of the action.'

"*Eighth exception.* Presiding Judge erred in charging the jury as follows: 'So, in this case, if you come to the conclusion that defendant is liable, you are not to consider any damages you might think the plaintiff sustained by missing any engagement, because that was ruled out; unless you find wilful, wanton and reckless conduct on the part of the defendant, in which case you might consider it, if it has been proved as an element of the mental suffering of the plaintiff, if any has been proved, on the line of punitive damages.'

"*Ninth exception.* The presiding Judge erred in charging the jury as follows: 'If you come to the conclusion the defendant is liable, you consider first what damages to give him, and then you say, is there any proof of any substantial damages, any expense or direct loss he has been put to by the delay in his transportation up to the time of his arrival at his destination, from the facts of the case? If so, you can give that; but if there are no facts to show any actual damages suffered, then you can give only nominal damages.'

"*Tenth exception.* The presiding Judge erred in charging the jury as follows: 'There must be wilfulness, wantonness, recklessness, and utter disregard of the rights of the other person before the party that inflicted the injuries can suffer damages at the hands of a jury by way of punishment, to deter him and others in the future.' "

*Messrs. Bryan & Bryan,* for appellant, cite: *Duty of carrier in carrying passenger:* 71 S. C., 543; 53 S. C., 213; 69 S. C., 132; 45 S. C., 27; Suth. on Dam., 250, 252, 253, 254.

*Damages for failure and delay in carrying:* 1 Suth. on Dam.; 71; 56 Fed. R., 435; 89 Hun., 377; 8 Ency., 2 ed., 598; 5 Ency., 698, 697; 71 S. C., 82; 40 S. C., 524; 71 S. C., 85, 211. *Wilfulness, wantonness, recklessness and utter disregard of rights of others need not all appear to warrant punitive damages:* 37 S. C., 194; 53 S. C., 213; 57 S. C., 325; 58 S. C., 148.

*Messrs. B. L. Abney* and *Joseph W. Barnwell,* contra, cite: *Exceptions questioning instructions as to measure of damages are immaterial when jury finds appellant not entitled to damages at all:* 42 S. C., 306; 17 S. C., 66; 43 S. C., 461; 77 Me., 661; 50 Ind., 10; 46 Ind., 587; 3 Ia., 277.

August 16, 1906.    The opinion of the Court was delivered by

MR. JUSTICE GARY.    This is an action to recover damages, alleged to have been sustained by the plaintiff, through the negligence and intentional wrong of the defendant, in failing to carry him to his destination, in accordance with its published schedules.    The complaint alleges that on the 15th of February, 1904, the plaintiff, having important business in the city of Gainesville, Ga., made a business engagement therefor, on the 16th of said month, at 3 o'clock p. m., relying upon a contract with the defendant to transport him from Charleston to Gainesville, according to the published schedules of the defendant.    That before purchasing his ticket, he inquired of defendant's agent whether said schedules were correct, and was informed that they were then of force.    That according to the published schedule, train No. 15 would leave Charleston at 3:20 a. m. daily, and passing through Columbia, Spartanburg and Greenville, would arrive at Atlanta at 3:15 p. m., and at Gainesville at 2:43 p m.    That the defendant, well knowing the plaintiff's business engagements and their importance, negligently and wilfully failed and refused to carry him to his destination promptly, and according to the published schedules, whereby

he was delayed in reaching Gainesville until the night of the 16th of February; his business engagements were broken; he was delayed in his business three days and lost three days from his business; and was put to the further expense of hotel bills, to his damage in the aggregate of $2,000.

The defendant denied all the allegations of the complaint.

The jury rendered a verdict in favor of the defendant, and the plaintiff appealed upon exceptions which will be set out in the report of the case.

Several of the exceptions are obnoxious to the objection that they merely contain excerpts from the charge, without specifying the particulars in which they are erroneous. But waiving this objection, none of the exceptions can be sustained.

The first nine exceptions relate to the measure of damages, and, conceding that his Honor, the presiding Judge, erred in his statement of the rule, nevertheless such error was not prejudicial. The verdict being in favor of the defendant, shows that the jury found as a fact, that the defendant was not guilty of negligence or intentional wrong; because there was not only undisputed testimony of the fact that the plaintiff suffered damage, but, under the charge of the presiding Judge, the jury would have been compelled to render a verdict in favor of the plaintiff, at least for nominal damages, if they had found that there was either negligence or wilfulness.

When the plaintiff was on the stand, he was asked: "Q. What is the value of your time as a business man, independent of profits—value day by day? A. If I had to put value on it, I would say $50 a day. Q. What were your hotel bills? A. They were nominal; about $3 a day."

The hotel bills were, however, only allowed to be introduced in evidence for the purpose of showing expenditures made *in transit*.

The presiding Judge charged the jury: "There is one kind of damage known to the law as damage implied; that is, the law implies damage from the breach of a legal duty, or

the unlawful act of another. A common carrier owes a duty to the public, and the negligent violation of that duty is such an act as will imply damages. But in such a case, unless there is proof of some substantial damage, you can only give nominal damages; that is, a trifling sum, and awarded where a breach of duty or an infraction of the plaintiff's right is shown, but no serious loss is proved to have been sustained, given by a jury, not to compensate for the wrong, but to maintain the right; because for every violation, invasion or infringement of a legal right, the law implies damage."

The principle is thus stated in the case of *Mobley* v. *Ry.*, 42 S. C., 306, 310, 20 S. E., 83: "In an action to recover damages for the breach of contract, the first inquiry necessarily is, what was the contract, and whether there had been any breach of it, and until this has been determined, no question as to the amount or the measure of damages can possibly arise. *Devereux* v. *Champion Cotton Press Company*, 17 S. C., 66. Where, therefore, as in this case, the first and controlling inquiry has been determined in favor of the defendant, as we have seen, no inquiry as to the damages can arise; and hence the several grounds of appeal, in which error is imputed to the Circuit Judge in his instructions to the jury as to the measure of damages, need not be considered; for even if error should be found therein (which we neither affirm nor deny), such supposed error cannot possibly affect the result."

In the case of *Devereux* v. *Champion Co.*, 17 S. C., 66, the Court uses the following language: "As the question of damages was secondary, and could not arise until the question of injury had been determined in the affirmative, and a verdict was generally for the defendant, it is not clearly perceived how the plaintiff was prejudiced, even if the Judge committed error in indicating the mode of ascertaining the damages in case there should be a recovery. In the case of *O'Brien & Fryer* v. *Bound et al.*, 2 Spears, 501, it was held that 'the jury having found the contract of the defendants to be joint, the charge of the presiding Judge that the jury

might find against one, even if a misdirection was immaterial, as it could not have influenced the verdict.' *Vide* 1 Bailey, 330; 8 Rich., 103; 3 John, 533, 10 John, 451." See, also, *Hill* v. *Ry. Co.*, 43 S. C., 461, 21 S. E., 337.

The tenth exception assigns error in charging that "there must be wilfulness, wantonness, recklessness and utter disregard of the rights of the other person, before the party that inflicted the injuries can suffer damages at the hands of the jury by way of punishment, to deter him and others in the future. The exception fails to state in what particular the charge was erroneous, but the appellant's attorney, in his argument, contends that if any one of these four elements are present, it is sufficient for exemplary or punitive damages. This exception cannot be sustained, for the reason that each of said elements creates the same liability. The case would be quite different if the presiding Judge had included the element of *negligence*.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

MR. JUSTICE WOODS. I concur in the result only, entertaining the opinion that, standing by itself, there was error in the charge that there could be no recovery for punitive damages without proof of "wilfulness, wantonness, recklessness and utter disregard of the rights of the other person." Wilfulness, wantonness and recklessness are not the equivalents of each other, and the presence of any one of them is a sufficient basis for punitive damages. But the Circuit Judge had previously so explicitly instructed the jury to that effect, that the use of *and* instead of *or* in this connection must have appeared to the jury to be a mere inadvertence. Besides, there was no finding of even nominal damages, and hence it seems clear an erroneous instruction as to punitive damages could not have been prejudicial.