## 9607

### MOSELEY v. CAROLINA, C. & O. RY. OF SOUTH CAROLINA *ET AL.*

(91 S. E. 380.)

1. TRIAL—INSTRUCTIONS—INVASION OF JURY'S PROVINCE.—It was not error for the Court to tell the jury that his action in overruling motion for nonsuit was a matter of law, and not a matter from which the jury should draw inferences, where he did not further intimate what their verdict should be.

2. TRIAL—INSTRUCTIONS—INVASION OF JURY'S PROVINCE.—It was not error for the Court to charge the jury the various conditions of their findings whereby the plaintiff would be precluded from recovery.

3. TRIAL—INSTRUCTIONS—CHARGE ON FACTS.—In an action by a pedestrian injured at a railway station by a moving train, the instruction that the statutes require railway companies to ring the bell or blow the whistle continuously for a distance of 500 yards before passing over any public crossing, and, if it fails to do so, the jury could consider such failure on the issue of reckless operation and of punitive damages, was not objectionable as a charge on facts.

4. TRIAL—INSTRUCTIONS—RESPONSIVENESS TO ISSUES.—But refusal of such instruction was not prejudicial, where the plaintiff failed to allege negligent or reckless operation, since it was then not responsive to the issues.

5. RAILROADS—INJURY TO PERSON ON TRACK—INSTRUCTIONS.—Where an injured pedestrian in leaving a station walked diagonally across and between and along tracks in the train yard where trains were con-

stantly passing and was injured, the Court sufficiently instructed on the railroad's duty to warn of approaching trains when it said that it was the duty of those in charge of the train to give notice at all points of known or reasonably apprehended danger.

6. Railroads — Injury to Person on Track — Duty to Warn of Approaching Trains—Question for Jury.—It is a question for the jury what duties, if any, a railroad owed a pedestrian who crossed tracks diagonally and walked along and between the rails, and whether it gave such notice as was reasonable.

7. Railroads—Injury on Track—Negligence.—A railroad may assume that at a passenger station with five tracks on which trains continuously moved in both directions receiving and discharging passengers a pedestrian would take reasonable precaution against the approach of a train.

8. Appeal and Error — Harmless Error — Instructions — Effect of Verdict.—Where the jury in an action by a pedestrian for injuries when struck by a train found no damages for plaintiff, a charge on the measure of damages could not in any view be prejudicial to the plaintiff.

Before Sease, J., Spartanburg, Spring term, 1916. Affirmed.

Action by Lillie V. Moseley against the Carolina, Clinchfield & Ohio Railway of South Carolina and another. Judgment for defendants, and plaintiff appeals.

The sixth request to charge was as follows:

(6) The statute law of South Carolina requires railway companies to ring the bell or blow the whistle continuously for a distance of 500 yards of trains before passing over any public crossing, and, if a railroad fails to give these signals, the jury would be warranted in considering the omission of the railroad to so give these signals in determining and considering the question of reckless operation of the train so failing to give the signals, and in determining the question of punitive damages. *Mack* v. *Railway,* 52 S. C. 325, 29 S. E. 905, 40 L. R. A. 679, 68 Am. St. Rep. 913; *Mason* v. *Railway,* 58 S. C. 70, 36 S. E. 440, 53 L. R. A. 913, 79 Am. St. Rep. 826; *Goodwin* v. *Railway,* 82 S. C. 321, 64 S. E. 242. I refuse to charge you 6. It is a charge on the facts.

The fifth and sixth exceptions referred to are :

(5) In refusing plaintiff's eighth request to charge, which was as follows:

"I charge you, gentlemen, that mental suffering and injury to a person's nervous system resulting directly and proximately from a physical injury, no matter how slight the injury may be, are such elements of damage as should be properly considered by the jury in determining damages. *Mack* v. *Railway,* 52 S. C. 334 (29 S. E. 905, 40 L. R. A. 679, 68 Am. St. Rep. 913)."

"I charge you further that you have a right to consider in estimating damages an attack of sudden fright or an exposure to imminent peril in determining damage to the nervous system. It has been held by the Supreme Court of your State in *Mack* v. *Railway* that a sudden attack of fright or an exposure to imminent peril might render one who was physically strong and vigorous weak and timid. It is for you to apply the facts in this case as you view them. *Mack* v. *Railway,* 52 S. C. 335, 29 S. E. 905, 40 L. R. A. 679, 68 Am. St. Rep. 913. I refuse to charge 8, both sections. It is charging on the facts."

(6) That his Honor erred in failing to charge the propositions of law contained in plaintiff's fifth, sixth and eighth requests, in his own language or to modify said requests and charge them.

*Messrs. Gwynn & Hannon,* for appellant, cite : *As to violation of city ordinance:* 94 S. C. 61. *Punitive damages:* 99 S. C. 82; 71 S. C. 446; 64 S. C. 115; 59 S. C. 431, 434; 52 S. C. 329. *Injury in railroad yards:* 82 S. C. 327. *Charge prejudicial:* 38 Cyc. 1626, 1674.

*Messrs Sanders & DePass, F. Barron Grier* and *Jesse W. Boyd,* for respondents, cite: *As comments by Judge:* 73 S. C. 383; 82 S. C. 326; 80 S. C. 386. *Charge:* 91 S. C. 110; *Negligence question for jury:* 53 S. C. 452; 54 S. C. 509;

51 S. C. 460, 461; 61 S. C. 563; 25 S. C. 30, 31; 104 S. C. 107. *Charge proper:* 73 S. C. 383; 57 S. C. 340. *Traveled place:* 97 S. C. 428; 67 S. C. 499; 85 S. C. 440; 97 S. C. 429. *Duty to licensee:* 65 S. C. 307; 57 S. C. 336, 337; 98 S. C. 495; 85 S. C. 355. *Contributory negligence:* 94 S. C. 145; 98 S. C. 496; 78 S. C. 380; 81 S. C. 197; 88 S. C. 430. *New trial:* 78 S. C. 81; 93 S. C. 295 and 426; 96 S. C. 388.

February 10, 1917.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This action for the recovery of damages both actual and punitive for alleged personal injuries sustained by the plaintiff was tried before Judge Sease and a jury at the Spring term of Court, 1916, for Spartanburg county, and resulted in a verdict in favor of the defendants. After entry of judgment plaintiff appeals, and by six exceptions alleges error on the part of the Circuit Court. In a general way the exceptions present the following propositions:

1. Was it error for the Court to tell the jury that the action of the Court in overruling the motion for nonsuit was a matter of law, and not a matter from which the jury should draw inferences? This exception is overruled as being without merit. The Judge did not in any manner invade the province of the jury, and did not in any manner infringe on their province, and in no manner used any language that made him a participant in the decision of the facts upon which the issue depended. He cautioned the jury as he had a right to do, but he left the whole matter to them to determine upon the issues in the case and find what the facts were and in no manner intimated his opinion on the facts to the jury whose exclusive province it was to decide them.

2. Was it error for the Court to charge the jury the various conditions of their findings whereby the plaintiff would be precluded from recovery? We see no prejudicial error. The Judge charged the legal propositions correctly in his own language and covered the law applicable to the case fully along this line in his own language, as he had the right to do, and the plaintiff could not have been prejudiced as complained of by this sound doctrine announced by the Judge, and this exception is overruled.

3. Was it error for the Court to refuse to charge that the jury should consider, in determining whether they would award punitive damages, the facts, if established as facts in the case, that the city speed ordinance was being violated and the statutory signals were not given? (Third and fourth exceptions.) The Judge did charge that a violation of the city ordinance was negligence *per se*. He was in error in refusing the plaintiff's sixth request. He refused it on the ground that it was a charge on the facts. It was not a charge on the facts, but embodied a sound proposition of law as laid down by this Court, but, while it was a sound proposition of law, it was not prejudicial in this case. It was not responsive to the allegations of the complaint. There was no allegation on the part of the plaintiff of the negligent and reckless operation of the train. There was no allegation of failure to properly operate the train. The undisputed facts in the case show that the plaintiff was not struck at a public highway or traveled place within the statutes, but in the yards of the passenger station and sheds at Spartanburg, S. C. She had gone to the station to meet her sister, who was to arrive on the train from Greenville. The train arrived and left. Her sister did not come. She left the station and walked towards Magnolia street under the shed (a perfectly safe place). She continued walking under the shed until the Columbia train passed Magnolia street. She then turned and started diag-

onally across three tracks towards the far corner of the intersection of the third track with the crossing. She crossed the two first tracks, and she saw two trucks, one stationary and one in motion, coming towards her. She then got on the third track and walked on it in the middle of it. She took a few steps and saw the Carolina, Clinchfield & Ohio Railway train backing in, a short distance from her. She turned towards the Union Station to get off of the track, and while in the act of getting off was struck and knocked off by the rear coach of the backing train and knocked down. The evidence shows that the train that struck her was moving at the rate of from 4 to 6 miles an hour until it got within 8 or 10 feet of her, when the emergency brakes were applied, and it stopped within 10 or 12 feet after striking her.

Under the facts in the case, when the Judge charged the plaintiff's second request, which was, "It is the duty of those in charge of a train to give notice at all points of known or reasonably apprehended danger," then he covered the law applicable to the facts of the case.

The defendant was in the due course of the operations of its trains as the necessities of its business required, moving the engines and cars in the yard of the pasenger Union Station for the purpose of receiving and discharging passengers, and it was for the jury to determine what duties, if any, under the circumstances, it owed the plaintiff, and whether or not it gave such notice at the point of injury as was reasonable.

The defendant had the right to assume that at a passenger station with five tracks, trains coming in both ways continuously receiving and discharging passengers, a person would take reasonable precaution against the approach; yet the plaintiff gets, not between, but on, the track, knowing there was a continuous recurring movement of cars, without taking a reasonable precaution to guard herself against their approach. If she had remained at walking

under the shed she would have been safe. Had she have crossed the tracks straight instead of diagonally, had she walked between the tracks instead of in the middle of the tracks, she would have escaped injury. The train was backing so slowly that any ordinary care on the part of the plaintiff would have enabled her to know the train was coming and to have stepped to place of safety.

Under the charge of his Honor it was properly left to the jury to say under all of the circumstances of the case if any signal should be given at the place of the injury, to wit, in the yards of the passenger depot of the defendants.

As to the fifth and sixth requests which complain of error as to the measure of damages the jury found no damages and the charge of the Judge as to the measure of damages could not in any view of the case be prejudicial to the plaintiff.

A careful examination of the whole record satisfies us that the verdict in the case is such that any fair-minded jury would find, and we do not see that any such error has been committed as was prejudicial to the plaintiff so as to warrant a reversal and grant a new trial.

All exceptions overruled.

Judgment affirmed.