## 19045

Nicholas P. POULOS, Appellant, v. D. Frances JAMES, Respondent

(174 S. E. (2d) 152)

*Messrs. Belser & Kemmerlin,* of Columbia, *for Appellant,*

*Messrs. R. Davis Howser* and *Donald V. Richardson, III,* of *Whaley, McCutchen, Blanton & Richardson,* of Columbia, *for Respondent,*

April 22, 1970.

BUSSEY, Justice.

In this action the plaintiff-appellant Poulos sought to recover damages, both personal injury and property, allegedly resulting from a motor vehicle collision with the defendant-respondent James. Verdict was for the defendant and the plaintiff appeals from an order denying a motion for a new trial.

The collision between the parties occurred on the early morning of January 7, 1965, on Knox Abbott Drive, near the entrance to the Holiday Inn in the Town of Cayce, South Carolina. The Holiday Inn is located on the south side of the said highway, approximately one-half block west of the intersection of State Street. Both Poulos and James were proceeding in a westerly direction in the lane nearest to the center line of said highway with the Poulos vehicle ahead. Immediately prior to the collision, both vehicles had stopped for a traffic light at the intersection of State Street. As Poulos neared the entrance to Holiday Inn, a vehicle in front of him stopped preparatory to making a left turn into the entrance of Holiday Inn, and, according to Poulos, such stop was made suddenly and without warning. Poulos made a sudden, hard stop to avoid striking such vehicle and gave no signal of his intention to stop, other than the momentary flashing of his brake lights. The front of the James automobile came into contact with the rear bumper of the Poulos vehicle.

There is evidence that there was only a moderate amount of traffic in the vicinity at the time, and, according to James, she and Poulos were driving approximately 20 miles per hour in a 35 mile per hour zone. There is no evidence from which a greater speed on her part may be inferred unless such could be inferred from Poulos' description of the force of the impact. James testified that she was two or three car lengths behind Poulos and that when he made his admittedly sudden, hard stop, she immediately jammed on her brakes, but was unable to completely stop before coming in contact with Poulos' car. The evidence is conflicting as to the extent and force of the impact, James' testimony being to the effect that the impact was relatively light with no injuries to her or Poulos and no damage of any consequence to the vehicles, except damage to her grille as a result of Poulos' rear bumper being higher than her front bumper.

Poulos asserts that the trial judge erred in charging the law of sudden emergency. He argues that the sudden, hard

stop of Poulos was a normal hazard, reasonably to be expected by James and that the doctrine of sudden emergency has no application in this case. He, however, cites no authority whatever for this proposition.

While there are many decisions dealing with the principles and application of the doctrine of sudden emergency, the cases wherein courts have attempted to define precisely what constitutes a sudden emergency, to give rise to the proper application of the doctrine, appear to be exceedingly rare. Prosser on Torts, 3rd Ed. 171, contains the following language,

"An emergency has been defined as a sudden or unexpected event or combination of circumstances which calls for immediate action; * * *."

At least two courts have recognized and applied the sudden emergency doctrine to rear-end collision situations such as are here involved. *Jaeger v. Estep,* 235 Or. 212, 384 P. (2d) 175 (1963), and *Hill v. Hill,* 168 Kan. 639, 215 P. (2d) 159 (1950). No case contra to these decisions has been cited or come to our attention.

In the absence of anything that would put them on notice to the contrary, both James and Poulos were entitled to presume that the vehicles in front of each of them would be operated in compliance with the statutory law and in the exercise of due care. We think that under the circumstances reflected by the evidence, the doctrine of sudden emergency was applicable and that the judge was correct in submitting the issues to the jury in the light of that doctrine. Moreover, the charge tended to benefit Poulos since, according to his testimony, his sudden, hard stop was caused by a similar stop by the vehicle preceding him. The issue of contributory negligence, if any, on the part of Poulos was submitted to the jury without objection.

Poulos contends that the trial judge should have directed a verdict in his favor, at least on the issue of liability, and held as a matter of law that James

was negligent and that there was no contributory negligence on the part of Poulos. Aside from any question of contributory negligence on the part of Poulos, under the circumstances hereinabove related, the issue of negligence, if any, on the part of the defendant was properly submitted to the jury.

Poulos had sustained personal injuries in a motor vehicle accident prior to the instant collision. Subsequent to the collision here involved and prior to the trial, he sustained personal injuries in still another motor vehicle accident. The evidence was quite confusing and conflicting as to precisely which alleged injuries had been sustained in which accident. Poulos had previously brought and settled a suit for injuries sustained in the first accident. In the course of the cross-examination of Poulos, he was queried as to the nature, extent and permanency of the injuries which he had alleged that he sustained in the prior collision. His answers, to say the least, were equivocal. Counsel then offered in evidence the verified complaint in the action arising out of the prior collision, for the purpose of showing the extent, etc. of the injuries alleged by Poulos to have been sustained in such prior collision. Counsel for Poulos objected and now asserts that the trial judge erroneously admitted such. Poulos cites no authority for the contention that such was error, and we know of none. The complaint was properly admitted as a prior verified statement on the part of Poulos, contrary to the testimony which he was then giving. Moreover, Poulos was given full opportunity to explain the inconsistencies between such verified complaint and his testimony.

Lastly, Poulos contends that there was error on the part of the trial judge in refusing a requested charge as to the measure of damages. The request was refused on the ground that the content thereof was embodied in the main charge. We need not consider whether there was or not, perchance, any error in this respect because it is well settled that an erroneous instruction as to the meas-

ure of damages is harmless where a plaintiff has failed to establish his right to any damages whatever. The jury having found for the defendant on the issue of liability, any error or omission in the charge with respect to damages was thereby rendered harmless. See cases collected in West's South Carolina Digest, Appeal and Error, Key No. 1068(4), particularly the cases of *Laurens Telephone Co. v. Enterprise Bank,* 90 S. C. 50, 72 S. E. 878 (1911); *Tucker v. Southern Ry. Co.,* 75 S. C. 85, 55 S. E. 154 (1906); and *Moseley v. Carolina, C. & O. Ry.,* 106 S. C. 368, 91 S. E. 380 (1917).

Affirmed.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.