No. 31,440

HENRY J. THENO, *Appellee,* v. J. A. CUTHBERTSON, G. E. CUTHBERTSON and N. E. CUTHBERTSON, Copartners, doing business as CUTHBERTSON BROTHERS, *Appellants;* S. D. MORRISON, *Appellee.*

(36 P. 2d 79.)

Opinion filed October 6, 1934.

*Stanley Garrity* and *Alfred Kuraner,* both of Kansas City, Mo., for the appellants.

*Frank M. Sheridan, Bernard L. Sheridan, L. Perry Bishop* and *Garrett Winkler,* all of Paola, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This case was tried by the court without a jury. Findings and judgment were in favor of the plaintiff. Defendants have appealed.

Plaintiff in his second petition alleged that he was the owner of a filling station, which was situated in Paola at the intersection of Peoria street and highway No. 7. Highway No. 7 was a main street running north and south. Peoria street ended half a mile beyond the intersection on the east. The Cuthbertsons were in the milk business and delivered milk twice a day.

At the time of the collision Doctor Morrison was driving a Ford car south on highway No. 7, and the Cuthbertsons were driving a milk truck which was then going in a westerly direction. The truck of Cuthbertsons collided with the automobile of the doctor and threw it against the filling station of Theno, knocking over a gas pump, tearing down a part of the building and causing a fire which consumed a part of the property. The loss of property and business was alleged to be $1,592, for which Theno asked judgment.

There was a further allegation by the plaintiff that the plant was worth $2,000 before the fire, and afterward it was worth only $1,000. It was alleged that the Cuthbertson truck was driven at an excessive speed; that there was a failure to keep a lookout ahead for others in the intersection; a failure to check speed when danger was seen; and because of the gross negligence $1,000 punitive damages was asked. Morrison, it was alleged, was traveling at too great a speed, in violation of law, dangerous to business and property, and failed to keep a lookout ahead for other travelers.

The answer of the Cuthbertsons was first a general denial, and they set up an ordinance which limited drivers to fifteen miles an hour on business streets and twenty miles on residence streets at intersections. They alleged the negligence of Doctor Morrison in failing to drive carefully or to slow down when danger was seen was the cause of whatever damage plaintiff sustained.

Evidence was presented by the parties, upon which the court made the following findings and judgment:

"The court will find from the evidence in this case that the defendant, Doctor Morrison, traveling south on old highway No. 7, was in the intersection of this highway No. 7 and Peoria street ahead of the truck which was operated by the defendant, Cuthbertson Brothers, and had the right of way therein.

From the exhibits and from the testimony the court finds that the defendant Morrison was struck by the truck of the defendant Cuthbertson Brothers, and that the defendant Morrison was exercising all of the care and all of the skill it was possible for him to exercise under the circumstances.

"The fact that the defendant Morrison's car was struck near the rear end on the left side with such force and violence as to cause the defendant Morrison's car to whirl about to the right and to be whirled a distance of approximately 40 or 50 feet, and to be whirled with such violence as to shear off one of the pumps of the filling station of the plaintiff and to knock over one of the brick and cement pillars supporting the portico of the filling station, convinces the court that the speed of the truck coming from the east and out of this secondary highway was coming at an excessive rate of speed. I desire to make the observation that any vehicle going at the rate of two miles per hour can be stopped approximately within a turn of the wheel. I might make the further observation with reference to the testimony of the defendant, Mr. Cuthbertson, that if the defendant Morrison's car was proceeding southward at the rate of 40 miles an hour, he would be going nearly 59 feet per second, and if he didn't observe the. danger and the skidding until within five feet of his car, then he only had one-half of a second in which to have thrown on the brakes and thrown out the clutch to have avoided the danger.

"The court finds from the evidence, and a preponderance of the evidence, that the damage sustained by the plaintiff was caused by the carelessness and negligence of the defendant, Cuthbertson Brothers, and finds from a preponderance of the evidence that the extent and amount of damage sustained . . . is $1,250."

As to the speed of the Cuthbertson truck at the intersection, there was the testimony of Mrs. Jennie J. Meeker, who lived within 150 feet of the intersection and saw the approach of the truck and the collision. She said the Cuthbertson truck approached the crossing at a speed of 20 miles per hour and did not stop until after the collision. The truck struck the back wheel and fender of the Morrison car and threw it about 60 feet agàinst the Theno filling station. She was used to cars and understood the speed of traveling cars reasonably well.

Another witness, Doctor Phillips, who lived near the intersection, was called by plaintiff and testified that he lived 100 feet from the intersection and had seen the Cuthbertson truck passing many times, and that they usually crossed the intersection at a rate of twenty-five miles per hour, but he did not see the truck on the evening of the collision.

The testimony of Doctor Phillips was given over the objection of the defendant and is one of the principal points assigned as error. It is conceded that the general rule is that acts of negligence on

other occasions than the one in question are, with few exceptions, inadmissible. The exceptions relate to cases where there are no eyewitnesses to the occurrence or the absence of direct proof on the question. (*Fike v. Railway Co.*, 90 Kan. 409, 133 Pac. 871; *Angell v. Railway Co.*, 97 Kan. 688, 156 Pac. 763; *Barshfield v. Vucklich*, 108 Kan. 761, 197 Pac. 205.)

It is not clear that the present case falls within the exceptions to the general rule. There were eyewitnesses to the collision and direct proof of the speed at which the truck was traveling. There is a measure of safety in the general rule which the court is inclined to enforce. The special findings of the court make it reasonably clear that it did not result in any prejudice to the defendants. These findings, which are set forth in the opinion, show that the court did not rely on the presumptive evidence to which objection was made. The proof on which the court rested its judgment was sufficient to uphold the findings and judgment rendered, and it is plain that while the court admitted the evidence it did not give it weight or consideration in its judgment.

Only prejudicial error affords grounds for a reversal of a judgment, and we conclude that if the testimony was improperly admitted it did not operate to the prejudice of the Cuthbertson Brothers.

There is a contention that under the testimony Doctor Morrison was improperly held to be without negligence, and the Cuthbertsons argue that the court did not give due weight to the evidence. As often happens in cases like this one, there was conflicting testimony, and upon that Morrison was held to be free from negligence—the negligence which caused the loss. The driver of the Cuthbertson truck testified that he had slowed down and was only traveling at the rate of two miles an hour at the time of the collision. The court in its findings referred to that testimony and showed that if that was true he might have stopped in a moment and avoided the accident. On the conflicting evidence and the physical facts the court had testimony supporting its finding that the Cuthbertson truck was driven at an excessive speed and was responsible for the damage sustained by plaintiff.

There was testimony, too, that the Cuthbertson who was driving the truck admitted after the collision that the result was due to his fault.

Finding that there was sufficient testimony to support the finding and judgment of the court, we conclude that the judgment should be and it is affirmed.

THIELE, J. (dissenting): I cannot agree with the disposition made of this case. In my opinion the testimony given by Doctor Phillips was incompetent. Timely and proper objection was made to it, and immediately after the witness testified, a motion to strike was offered and denied. Rule No. 36 of this court recites:

"In trials before the court, without a jury, where evidence is admitted over proper objections, and not stricken out on timely motion therefor, it shall be presumed that such evidence was considered by the court and entered into its final decision in the case."

It fits the situation here exactly. The trial court's findings are set out in the above opinion. As I read the findings, there is nothing in or about them that shows the trial court did not consider the incompetent evidence in deciding the case.

I believe the rule should be applied and the judgment of the lower court reversed.