No. 37,788

VIRGIL HILL, *Appellee*, v. MERRILL HILL, *Appellant*.

(215 P. 2d 159)

Opinion filed February 28, 1950.

*Archie T. MacDonald,* and *Russ B. Anderson,* both of McPherson, were on the briefs for the appellant.

*J. R. Rhoades,* and *George R. Lehmberg,* both of McPherson, were on the briefs for the appellee.

The opinion of the court was delivered by

ARN, J.: Plaintiff brought this action to recover for personal injuries and property damage arising out of a rear-end collision between two trucks, one driven by plaintiff and the other by defendant. Defendant's demurrer to plaintiff's petition was overruled and defendant appeals, contending that the petition does not state facts sufficient to constitute a cause of action in favor of plaintiff and against defendant in that it reveals upon its face that plaintiff was guilty of contributory negligence.

The petition alleges that plaintiff and defendant áre brothers; that they were engaged in hauling hay between two points, and at the time of the collision were traveling the usual route for another load. The petition continues:

"4. That as they approached the intersection of the east and west county road upon which they were traveling with the north and south township road between Harper and New Gottland Townships, which intersection was three miles east from the corner where they had turned east and two miles west of U. S. Highway No. 81, they were driving approximately 30 miles per hour and plaintiff was following defendant at a distance of approximately 150 feet. That as they approached said intersection another automobile was proceeding south on the township road and north of the intersection and likewise approaching the intersection, and that such automobile came to a stop on the north side of the intersection. That as defendant was about to pass the automobile stopped on the north side of the intersection he saw that it was

driven by Bernard Olson, that defendant knew Bernard Olson was manager of the Rodney Milling Company elevator at Hilton, Kansas, and which elevator had a scale, that defendant suddenly decided he wanted to talk with Bernard Olson about weighing baled hay that afternoon, that defendant immediately applied his brakes with sufficient force to suddenly stop his truck, released the clutch, rolled down the window on the left side of his truck, suddenly stopped in the center of the main traveled portion of the road, and started to put his head out of the window to call to Bernard Olson when the collision hereinafter set forth occurred, and that the defendant suddenly stopped his truck in the center of the main traveled portion of the road without any signal or warning to the plaintiff who he then knew was following him immediately to the rear when he had an opportunity to give a signal, and without turning his truck to the right and driving it off of the main traveled portion of the road when it was practical to do so.

"5. That as plaintiff approached said intersection following the defendant as aforesaid, the plaintiff saw the automobile which he subsequently learned was driven by Bernard Olson, being driven south on the township road north of the intersection and approach said intersection and stop, that plaintiff also observed that there was no other traffic on either the county or township road except the defendant, the automobile driven by Bernard Olson, and the plaintiff, that as plaintiff approached and entered said intersection he was observing the automobile driven by Bernard Olson to see that it did not enter the intersection immediately behind the defendant and between the defendant and plaintiff, that the windshield of the automobile driven by Bernard Olson was partially covered by frost and plaintiff did not know whether or not the driver of such automobile also saw the plaintiff following the defendant and would wait for plaintiff to pass through the intersection or whether the driver of such automobile had stopped for the defendant, that as plaintiff passed the automobile driven by Bernard Olson he looked ahead of him and saw the defendant either stopped or about to stop suddenly in the center of the road immediately ahead of him and at a distance of approximately 20 to 30 feet, that before plaintiff could apply his brakes or attempt to turn aside he crashed into the defendant's truck causing the injuries and damages hereinafter set forth, and that such collision occurred approximately 25 to 30 feet east of the east side of said intersection. That the collision of plaintiff's truck with defendant's truck was proximately caused by the negligence of the defendant by suddenly stopping without first giving an appropriate signal as required by law to the plaintiff who he knew was following him and when he had an opportunity to give such signal, and by the negligence of the defendant in failing to turn his truck to the right and drive it off of the main traveled portion of the road when it was practical to do so."

Appellant also complains of a trial court order overruling his motion to strike certain allegations of the petition concerning the practices of these parties in buying and hauling hay. Those allegations do not pertain to the allegations challenged by the demurrer. Neither do they affect any substantial right which would in any

way determine this action, and that ruling was therefore not appealable. (*Estes v. Tobin Construction Co.,* 159 Kan. 322, 153 P. 2d 939.)

The allegations of the petition that defendant (appellant) suddenly applied his brakes and suddenly stopped his truck in the center of the main traveled portion of the road, without giving any warning signal, and knowing that plaintiff's truck was following directly behind him, sufficiently alleges negligence on the part of defendant—and appellant does not contend otherwise. It is appellant's contention that paragraph 5 of the petition alleging that as plaintiff crossed the intersection following defendant's eastbound truck he was observing another car which was waiting to cross the intersection on a north-south road, constitutes contributory negligence as a matter of law. Appellant attempts to invoke the rule that a driver of a motor vehicle must so operate his vehicle that he can safely stop within the distance that he can clearly see any other vehicular traffic in the roadway ahead of him. That is a well established rule, but it does not apply to a situation where a sudden emergency arises, as by the sudden application of brakes and sudden stop without warning of another vehicle just ahead. (*Towell v. Staley,* 161 Kan. 127, 166 P. 2d 699; *Drennan v. Penn. Casualty Co.,* 162 Kan. 286, 176 P. 2d 522; and *Henderson v. National Mutual Cas. Co.,* 164 Kan. 109, 187 P. 2d 508.)

Construing the allegations of the petition liberally in favor of the pleader, as we must in such a case, we cannot say as a matter of law that the plaintiff's petition shows upon its face that plaintiff was guilty of contributory negligence in the manner in which he kept a lookout for other traffic on the north-south road. The demurrer to the petition was properly overruled and the judgment is affirmed.