No. 38,182

Howard V. Hill, Administrator of the Estate of Virgil Hill, Deceased, *Appellee,* v. Merrill Hill, *Appellant.*

(228 P. 2d 713)

Opinion filed March 10, 1951.

*Archie T. MacDonald,* of McPherson, argued the cause, and *Russ B. Anderson,* also of McPherson, was with him on the briefs for the appellant.

*J. R. Rhoades,* of McPherson, argued the cause, and *George R. Lehmberg,* also of McPherson, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Wertz, J.: Plaintiff brought this action to recover for personal injuries and property damage suffered when plaintiff's truck, which was following defendant's truck, collided with it when defendant stopped suddenly in the traffic lane without giving any signal or warning to plaintiff. Defendant's demurrer to plaintiff's petition was overruled, and the order overruling said demurrer was upheld on appeal to this court (*Hill v. Hill,* 168 Kan. 639, 215 P. 2d 159). Inasmuch as the pertinent allegations of plaintiff's petition are therein set forth, they will not be reiterated here.

Subsequent thereto, defendant filed his answer admitting that the parties were driving east on the highway as alleged and that a car driven by one Olson stopped at the north side of the intersection in question and that the collision occurred between the trucks of plaintiff and defendant at the time alleged. For further answer defendant stated that the injuries, if any, sustained by plaintiff were the sole and proximate result of plaintiff's negligence in that plaintiff failed

to maintain a proper lookout, failed to have his truck under control so as to direct the movement thereof to the extent necessary to avoid striking defendant's truck, and in following defendant's truck at a distance of approximately eight to one hundred feet in violation of G. S. 1949, 8-543, which provides that the driver of a motor truck, when traveling upon a roadway outside of a business or residential district, shall not follow within one hundred fifty feet of another motor truck, and prayed that plaintiff take nothing and that defendant recover his costs.

The case was tried by a jury which returned an itemized general verdict for plaintiff in the full amount sued for, being $2,250 for personal injuries, $900 damage to the truck, and $12 medical expense, and at the same time returned its answers to the following special questions submitted by the court:

Q. No. 1. At what speed was the plaintiff proceeding: (a) As he passed the west line of the intersection? A: 30 miles per hour. (b) When he first saw defendant's truck stopped or being stopped east of the intersection? A: 30 miles per hour. Q. No. 2: Was the defendant guilty of any negligence which was the direct and proximate cause of said collision? A: Yes. Q. No. 3: If you answer question No. 2 in the affirmative, then state what act or acts of negligence you find the defendant guilty of. A: 1. Stopping in middle of road. 2. Failing to give hand signal. 3. Stopping suddenly. Q. No. 4: Was the plaintiff guilty of any negligence which was the proximate cause of or contributed to the collision? A: No. Q. No. 6: How long before plaintiff entered the intersection had the Olson car stopped at the intersection? A: 5 minutes. Q. No. 7: How far behind defendant's truck was plaintiff's truck traveling at the time defendant started to slow down and stop his truck? A: 150 feet. Q. No. 8: Considering the distance between the two trucks and their speed, was plaintiff exercising reasonable care in looking at the Olson car as plaintiff crossed the intersection? A: Yes. Q. No. 10: At the time defendant started slowing down, was the plaintiff following defendant's truck more closely than was reasonable, prudent and safe under all the circumstances? A: No.

Defendant's motion to set aside answers to special questions 4 and 8 and his motion for a new trial were subsequently overruled and judgment was by the court entered on the general verdict of the jury.

Plaintiff having been killed in a harvesting accident since the judgment was rendered, his administrator was made appellee in this appeal by defendant from the judgment of the lower court. Appellant (defendant below) charges error of the lower court in overruling his demurrer to plaintiff's evidence, in overruling his

motions to set aside certain of the jury's answers to special questions and for a new trial; and charges that the jury was not properly instructed in regard to the elements and measure of damages and, as a consequence, the verdict rendered was excessive in amount.

The first question presented by appellant is whether under the evidence plaintiff was guilty of contributory negligence as a matter of law. Appellant relies upon the rule frequently stated by this court that it is the duty of the driver of a vehicle to correlate his speed with his ability to see and stop and to keep his car under control so as to be able to stop within a clear distance ahead of him.

Appellee contends that under the facts and circumstances shown by the evidence, treating it in its most favorable aspects and giving plaintiff the benefit of inferences favorable to him, the question of whether he was guilty of contributory negligence was one for the jury.

Plaintiff testified that on the day in question, he was following appellant, traveling east on the county road at a speed of about thirty miles an hour, and was about one hundred fifty feet behind appellant; that as he came to the intersection of said road with the north and south township road, he saw the Olson car headed south just north of the intersection; that he watched appellant's truck when it entered the intersection; that he turned to look at the Olson car sitting just north of the intersection headed south, and that the windshield of the Olson car was all frosted and plaintiff was watching to see that it did not come into the intersection and when he determined that it was safe to enter the intersection, he looked to the east and saw appellant's truck twenty to thirty feet in front of him, making it impossible for plaintiff to stop his car in time to avoid the collision; that appellant's truck had been suddenly stopped in the center of the road.

Appellant, called as a witness by plaintiff, testified that he was traveling between twenty-five and thirty miles an hour at the intersection; that plaintiff was following him; that he saw the Olson car sitting just north of the intersection; that he stopped his truck "as quick as he could"; that he gave no signal he was going to do so and that he was practically in the center of the road; as he went through the intersection he glanced back, recognized Olson, put on his brakes and clutch; didn't believe he slid his wheels on the road, but didn't remember.

It is apparent from the record that appellant voluntarily and not being confronted with an emergency, applied his brakes and suddenly stopped his truck in the center of the main traveled portion of the highway without giving any warning signal, and knowing that plaintiff's truck was following directly behind him. Appellant's contention is that as plaintiff entered the intersection following appellant's east-bound truck, he was observing the Olson car, which was standing just north of the intersection facing south, and that such conduct on the part of plaintiff constituted contributory negligence as a matter of law. It would serve no useful purpose for us to re-discuss this point here as it was covered in our previous opinion in this case (*Hill v. Hill*, supra), wherein we stated:

". . . It is appellant's contention that paragraph 5 of the petition alleging that as plaintiff crossed the intersection following defendant's eastbound truck he was observing another car which was waiting to cross the intersection on a north-south road, constitutes contributory negligence as a matter of law. Appellant attempts to invoke the rule that a driver of a motor vehicle must so operate his vehicle that he can safely stop within the distance that he can clearly see any other vehicular traffic in the roadway ahead of him. That is a well established rule, but it does not apply to a situation where a sudden emergency arises, as by the sudden application of brakes and sudden stop without warning of another vehicle just ahead. (*Towell v. Staley*, 161 Kan. 127, 166 P. 2d 699; *Drennan v. Penn Casualty Co.*, 162 Kan. 286, 176 P. 2d 522; and *Henderson v. National Mutual Cas. Co.*, 164 Kan. 109, 187 P. 2d 508.)"

It is a well established rule in this state that in determining whether a plaintiff is guilty of contributory negligence when tested by demurrer, the question must be submitted to the jury if the facts are such that reasonable minds might reach different conclusions thereon. (*Harral v. Kent Corporation*, 168 Kan. 322, 212 P. 2d 356; *Jones v. McCullough*, 148 Kan. 561, 83 P. 2d 669; *Sponable v. Thomas*, 139 Kan. 710, 33 P. 2d 721; *Towell v. Staley*, 161 Kan. 127, 166 P. 2d 699 and cases therein cited.)

Considering the evidence of the plaintiff in its most favorable light, we cannot say that he was guilty of contributory negligence as a matter of law which would bar his recovery.

In his next specification of error, appellant charges the trial court erred in approving the jury's answers to special questions. The complaint against the special findings relates only to Nos. 4 and 8. The contention advanced by appellant with respect to these two special questions and answers is based upon the erroneous assumption that the evidence conclusively established that plaintiff was

guilty of contributory negligence as a matter of law in momentarily looking at the Olson car to the north of the intersection and not keeping a lookout ahead for appellant's truck. We have covered this argument and held that the question of plaintiff's contributory negligence was for the jury. It will be noted that the jury by its answers to questions 2 and 3, as well as the general verdict, found appellant guilty of negligence which was the proximate cause of the collision and found that negligence consisted of appellant suddenly stopping in the middle of the road without giving a hand signal. Answers to these questions were not objected to by appellant, nor has it been contended in this case that appellant was free from negligence. The answer to question 4 exonerated plaintiff of any contributory negligence and the answer to question 8 exonerated plaintiff from any negligence by reason of his looking to the north at the Olson car to determine whether he could proceed safely just prior to entering and at the time of crossing the intersection.

After a careful consideration of the record, we are of the opinion that answers to the questions complained of are supported by sufficient evidence and, when construed together and viewed in the light of the situation disclosed by the entire record, they are in harmony with the general verdict.

It is next urged that the verdict was excessive in amount. It would serve no useful purpose to set forth at length the nature and extent of plaintiff's injuries. The substance of his testimony and that of his doctor was that when the collision occurred he blacked out; his chest, head and shoulders were injured; the force of the impact was so great that his chest broke the steering wheel and his head struck the mirror in the cab of the truck; that he suffered pain; that he had bruises and discoloration of the tissues of his chest; the doctor testifying that the type of plaintiff's pain can last indefinitely or for several years; that his total doctor bill was $12. An automobile dealer testified as to the $900 damage to plaintiff's truck, and that testimony is not disputed. Again, the question of the amount of plaintiff's recovery was for the jury to determine, and we are not prepared to say the amount of the verdict was so excessive as to shock the conscience of this court and therefore require either a remittitur or granting of a new trial.

Appellant next contends that the trial court erred in failing to instruct the jury as to the proper elements and measure of damages and that by reason thereof, the jury was confused and uncertain as

to whether it could return a verdict for an amount less than the entire amount asked by plaintiff. The trial court gave general written instructions including one on the measure of damages, which on examination appear to have fairly presented the case to the jury, and we fail to find any error. Under our statute, G. S. 1949, 60-2909, Fifth, if appellant desired more specific instructions, it was his duty to make a request therefor. This court has repeatedly held that the failure of the trial court to instruct specifically on a given proposition cannot properly be assigned as error when no request for such instruction was made. (*Baker v. Western Cas. & Surety Co.,* 164 Kan. 376, 190 P. 2d 850, and cases cited on page 382.) Moreover, the record is devoid of any objection on the part of appellant to the instruction given by the court. In support of his argument on his motion for new trial, appellant submitted to the trial court affidavits from two separate jurors. These affidavits were considered by the trial court in overruling appellant's motion for new trial, and from our examination of the affidavits, we find no error in the lower court's ruling.

The judgment is affirmed.