No. 38,437

ALICE FOWLER, now ALICE HOWE, *Appellee*, v. LAWRENCE B. MOHL and COMMERCIAL STANDARD INSURANCE COMPANY, *Appellants.*

(241 P. 2d 517)

Opinion filed March 8, 1952.

*Jerry E. Driscoll*, of Russell, argued the cause, and *Delmas L. Haney* and *Benedict P. Cruise*, both of Hays, and *Richard M. Driscoll*, of Russell, were with him on the briefs for the appellant.

*Harold W. McCombs*, of Russell, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: This appeal is from a judgment in favor of plaintiff in an action for the recovery of damages for the alleged wrongful death of plaintiff's decedent resulting from a collision on a public highway.

The case was here previously on a question of pleadings (*Fowler v. Mohl,* 168 Kan. 416, 214 P. 2d 301). See also the companion case of *Howe v. Mohl,* 168 Kan. 445, 214 P. 2d 298, in which recovery was sought for the damage to the vehicle driven by decedent.

For our purposes a brief narration of the facts will be sufficient. Defendant Mohl was engaged in the business of moving houses under a carrier's permit issued by the State Corporation Commission. The other defendant is his insurance carrier. On November 26, 1946, Mohl (hereinafter referred to as defendant) was engaged in moving a house near Russell. It was of a grayish color, was approximately thirty feet high, twenty-four feet five inches in width, and forty-one feet long. It was mounted on dollies and was being pulled by defendant's truck. At approximately 6:30 p. m. the truck and house were proceeding in a southerly direction on U. S. Highway 281 at a point about a mile and a half north of Russell. The highway was of black-top construction and was twenty-three feet in width. The shoulders sloped abruptly at about a forty-five degree angle from the surface of the highway. Defendant's truck was equipped with the usual headlamps and clearance lights, all of which were burning. There were no lights or signals of any kind on the house so as to make it visible after dark.

Plaintiff's decedent was driving his panel truck in a northerly direction on the right side of the highway. An employee of defendant was stationed about a quarter of a mile ahead of the truck pulling the house in order to warn those approaching from the south of the fact the house was blocking the highway. Shortly prior to the time decedent came down the highway the driver of another car, also approaching from the south, was flagged down by defendant's employee. During their conversation decedent passed them without stopping. There is evidence that he was driving at a high rate of speed. The evidence is rather hazy and sketchy as to just what defendant's employee did at the time by way of attempting to warn decedent of the danger ahead. His truck crashed into the dollies upon which the house was mounted and proceeded for some

twenty-nine feet under the house before coming to a stop. The top portion of his truck was demolished and decedent died a few days later as a result of the injuries sustained.

The jury returned answers to special questions and a verdict against both defendants in the amount of $5,000, and an additional amount against defendant Mohl in the sum of $1,125.21.

Motions to set aside the general verdict, to set aside and strike certain of the answers to special questions, for judgment notwithstanding the general verdict, and for a new trial, all being overruled, defendants have appealed and their specifications of error are fourteen in number.

It is strenuously argued that the demurrer to plaintiff's evidence should have been sustained on the ground that it established contributory negligence on the part of decedent as a matter of law because of the alleged speed at which he was driving, and our attention is called to the familiar rule laid down in *Wright v. Nat'l Mutual Cas. Co.*, 155 Kan. 728, 129 P. 2d 271, where it was said:

"Where a person drives an automobile along a highway on a dark night at such speed that the car cannot be stopped or turned aside within the range of vision of the lights on his car, such person is guilty of negligence as a matter of law." (Syl. 2.)

and to *Gabel v. Hanby*, 165 Kan. 116, 193 P. 2d 239, which held:

"It is the duty of one driving an automobile upon a public highway to look ahead and see vehicles and objects in the line of his vision, and in case of an accident he will be conclusively presumed to have seen what he could and should have seen in the proper performance of his duty." (Syl. 2.)

On the other hand, defendants recognize the well-established rule to the effect that in considering a demurrer to evidence all of the testimony favorable to the party adducing it must be accepted as true, and if the facts are such that reasonable minds might reach different conclusions thereon the question must be submitted to the jury and cannot be determined by the court as a matter of law.

Without further discussion, we think that in view of all of the facts and circumstances established by plaintiff's evidence the question of contributory negligence was very properly submitted to the jury and that the lower court did not err in overruling the demurrer.

In its answers to special questions the jury completely absolved decedent of contributory negligence, and, among other things, found that he was not warned by the flagman employed by defendant; that there was not room on the highway for a car to pass

the house at the time and place in question; and that decedent could not have seen the house by looking ahead and observing the highway immediately prior to the collision. In answer to question 12 it found defendant guilty of certain specific acts of negligence as follows:

(1) In completely blocking the highway;

(2) In failing to signal or warn decedent by appropriate signals, visible in the nighttime, of the blocking of the highway;

(3) In operating on the highway in the nighttime without displaying clearance lights at the front and rear of such combination of vehicles;

(4) In operating the combination of vehicles in the nighttime without displaying side marker lamps on each side thereof at the front and rear;

(5) In operating the combination of vehicles on the highway in the nighttime in violation of his permit which authorized the moving of such combination of vehicles during daylight hours only; and

(6) In failing to pull the truck and house off of the highway as darkness approached when he had ample opportunity to do so.

Defendants argue these specific findings of negligence are not supported by the evidence. We cannot agree.

The highway was twenty-three feet wide, whereas the house was over twenty-four feet in width. From the evidence the jury was amply justified in finding that the flagman failed to warn decedent, by lights or other appropriate signals which were visible in the nighttime, of the danger ahead. With reference to the matter of lights defendants stress the fact the truck pulling the house had its headlights and clearance lights burning. This fact is not disputed, but the trouble with that argument is that at best the headlights and clearance lights on the truck merely would warn one approaching from the opposite direction that he was meeting a *truck!* Such lights would be no warning whatsoever that the truck was pulling a *house* wider than the highway! In fact, the statute (G. S. 1945 Supp. 8-584) requires that all vehicles, or combination of vehicles, such as we have here, display clearance lights when being operated later than one-half hour after sunset to earlier than one-half hour before sunrise. Here it was stipulated that the sun set on the date in question at 5:16 p. m., and the collision occurred at approximately 6:30 p. m., at which time it was dark. Defendant himself testified that his permit authorized him to move the house on the

highway during daylight hours only, and there was evidence to establish the fact that he could have pulled the house off of the highway as darkness approached. We have examined all of the jury's findings and think that they are clearly supported by the evidence.

Defendants also complain of certain instructions given and of the court's refusal to give certain requested instructions and special questions. We have examined these complaints but find them to be without substantial merit. The instructions given quite fully covered the issues and principles of law applicable thereto, as did the special questions.

In reality, the facts of this case are very simple. We have the situation of a house being moved along a public highway after darkness, with no proper lighting or other signals to warn an approaching traveler of the danger. While it is true that as a general rule a driver is under a duty to correlate his speed to his range of vision, yet it is also the rule that the operator of a vehicle upon a public highway may assume that others using the highway will observe the law, and he is not guilty of negligence, as a matter of law, in acting upon such assumption until he has knowledge to the contrary. (*Gabel v. Hanby,* supra.) It is also the rule that as a matter of law one is not guilty of negligence who does not look for danger where there is no reason to apprehend any. (*Buck v. Miller Amusement Co.,* 166 Kan. 205, 200 P. 2d 286, and *Harral v. Kent Corporation,* 168 Kan. 322, 212 P. 2d 356.)

An examination of the entire record discloses nothing approaching reversible error, and the judgment of the lower court is therefore affirmed.