No. 40,438

Margaret E. Wilson, *Appellant*, v. L. R. Cyrus, doing business under the firm name of Cyrus Petroleum Truck Line, and Thomas G. Reddington, and Tri-State Insurance Company, a Corporation, *Appellees*.

(308 P. 2d 98)

 Opinion filed March 9, 1957. 

A. L. Foster, of Parsons, argued the cause, and *Wm. K. Ong*, of Parsons, was with him on the briefs for the appellant.

*J. Logan Shuss*, of Parsons, argued the cause and was on the briefs for the appellees.

The opinion of the court was delivered by

Price, J.: This was an action to recover for personal injuries sustained as the result of an intersection collision. Judgment was

for defendants, and plaintiff has appealed. The case was here previously on a question of pleading (*Wilson v. Cyrus*, 178 Kan. 239, 284 P. 2d 597).

On Sunday afternoon, November 1, 1953, plaintiff and her husband were out for a drive in the city of Parsons. He was driving. As they went north on 13th Street they came to its intersection with Main Street. The intersection was controlled by traffic lights. Plaintiff's car stopped for the red light.

Right at this time a truck, owned by defendant Cyrus and being driven by defendant Reddington, approached from the west on Main Street. Just before Reddington proceeded into the intersection on the green light a car came from the east and made a left turn at the intersection which momentarily obstructed his view of plaintiff's car. Reddington proceeded on into the intersection on the green light and, in the meantime, plaintiff's car, which had been stopped, started up and drove into the intersection against the traffic light which was still red for northbound traffic. Reddington immediately applied his brakes but the vehicles collided in the northeast portion of the intersection. As a result plaintiff sustained injuries, including the loss of an eye.

It is unnecessary to summarize in detail the allegations of the various pleadings, but it should be mentioned that in her reply plaintiff admitted the negligence of her husband in driving into the intersection against the red traffic light, but denied that such negligence was the proximate cause of the collision.

At the conclusion of the trial the jury answered special questions. We mention those which are considered pertinent to the basic issue in the case.

The jury found that the admitted negligence of plaintiff's husband was the sole proximate cause of her injuries, and that defendant Reddington was not guilty of any act of negligence which was the proximate cause of the collision. It also found that Reddington was confronted with an emergency; that there was nothing he could have done that he did not do after observing plaintiff's car to avoid the collision; that he did not see plaintiff's car when it was stopped at the pedestrian lane south of the intersection, but that he could have seen it had he looked. It further found that Reddington could not have seen plaintiff's car at all times as it traveled from its stopped position north to the point of collision, and that he is, in the exercise of reasonable care and

diligence, after he saw or should have seen plaintiff's car after it started up, could not have stopped his truck and thus avoided the collision.

Together with these special findings the jury returned its general verdict in favor of defendants.

Her post-trial motions, including a motion for a new trial, being overruled, plaintiff has appealed.

To take up and discuss in detail the many arguments and contentions advanced by plaintiff would serve no purpose other than to extend this opinion unnecessarily. We have examined the evidence, the instructions given and those which were denied, and have given careful consideration to each complaint concerning rulings on post-trial motions. As we read the record, the questions involved are quite simple.

One of plaintiff's principal arguments is that in view of the rule to the effect that a general finding in the nature of a conclusion must yield to contrary specific findings (*Krey v. Schmidt*, 172 Kan. 319, 240 P. 2d 153), the answer to question 11 (a), in which the jury found that defendant Reddington could have seen plaintiff's car when it was stopped at the south edge of the intersection had he looked, convicts him of negligence, and therefore such specific finding takes precedence over the answers to questions 1 and 2 which absolved him of any act of negligence which was the proximate cause of the collision and found that the admitted negligence of plaintiff's husband was the sole proximate cause.

It is true the general rule is that a person is not to be relieved for failure to see that which is in plain view to be seen, but the rule of course obtains only when the facts and circumstances warrant its application. Plaintiff's husband had stopped for the red traffic light, which, under the law (G. S. 1949, 8-514), he was required to do. In the meantime, defendant Reddington, approaching from the west and observing that the traffic light applying to him was green, proceeded on into the intersection at a reasonable speed, as he had the right to do. The car which approached from the east and made a left turn to the south momentarily hid plaintiff's car from his view. But even though the car making the left turn had not entered the picture, Reddington still was justified in assuming that plaintiff's husband would obey the law and not start up again and enter the intersection against the red light. The law is well established that the operator of an auto-

mobile may assume that others using the highway will observe the law of the road, and one is not guilty of negligence in acting upon such assumption unless and until he has knowledge to the contrary. (*Keir v. Trager,* 134 Kan. 505, 7 P. 2d 49, 81 A. L. R. 181; *Jones v. McCullough,* 148 Kan. 561, 83 P. 2d 669; *Smith v. Salts,* 170 Kan. 313, 224 P. 2d 1025.) It is equally well settled that as a matter of law one is not guilty of negligence who does not look for danger where there is no reason to apprehend any. (*Fowler v. Mohl,* 172 Kan. 423, 427, 241 P. 2d 517.) In *Hudson v. Yellow Cab & Baggage Co.,* 145 Kan. 66, 69, 64 P. 2d 43, it was said that one who enters an intersection controlled by traffic lights and who carefully observes that the lights are for traffic in the direction he is going is not guilty of negligence as a matter of law because he does not see on the other street a car driving into the intersection against a red light.

Under the facts before us, even though defendant Reddington had seen plaintiff's car stopped south of the intersection, he still would have been justified in assuming that it would remain stopped as long as the traffic light controlling it was red. In finding 13 the jury found that in the exercise of reasonable care and diligence, after he saw or should have seen plaintiff's car after it started up against the red light, he could not have stopped his truck and thus avoided the collision. In the emergency which confronted him Reddington did the only thing he could do—he applied his brakes and skidded to a stop.

For all practical purposes, what has been said disposes of this lawsuit. It is clear the unfortunate injuries sustained by plaintiff were the result of her husband's negligence in entering the intersection against the red light, and the jury so found. After a careful examination of the entire record and consideration of all contentions urged by plaintiff, we are convinced that nothing approaching reversible error has been shown, and the judgment is therefore affirmed.