No. 43,660

FRANCIS M. JOHNSTON and INA LAWANDA JOHNSTON, *Appellees*, v. ARTHUR GANN and VADA GANN, *Appellants*.

(391 P. 2d 1016)

Opinion filed May 9, 1964.

*Jean Oliver Moore*, of Wichita, argued the cause and was on the brief for the appellants.

*Earl M. Clarkson, Jr.*, of Wichita, argued the cause, and *Wilmer E. Goering* and *I. D. Brown*, both of Wichita, were with him on the brief for the appellees.

The opinion of the court was delivered by

PRICE, J.: This was an action to recover for alleged breach of contract. Judgment was for plaintiffs and defendants have appealed.

In the summer of 1961 plaintiffs Johnston, being husband and wife, were the owners of a trailer court in the city of Wichita. In July it was orally agreed between them and defendants Gann, they being husband and wife, that plaintiffs would sell an undivided one-half interest in the trailer court to defendants. Accordingly, on August 22, a written "Partnership Agreement" was executed by plaintiffs and defendants whereby plaintiffs sold and defendants purchased the undivided one-half interest in the property. The agreement contained mutual options whereby defendants were given the first opportunity to buy out in the event they desired to sell—and vice versa. This agreement was in full force and effect at all subsequent times material.

About a month later, in a telephone conversation between the parties, it was agreed that defendants, for the sum of $7,000, would purchase from plaintiffs their undivided one-half interest in the property, to the end that defendants would then be the owners of the entire interest. Pursuant to this agreement and arrange-

ment, defendants caused to be prepared a "Sale Agreement" setting forth more in detail certain things which were to be done toward consummating the sale. This agreement was not signed by any of the parties.

Be that as it may, shortly thereafter, defendants made out a check on a California bank in the amount of $6,000, payable to plaintiffs', as a part payment on the $7,000 purchase price of plaintiff's interest in the property. The check was delivered by defendants to their son Ray, who, with his wife, lived at the trailer court and were acquainted with plaintiffs. A short time later, at the request of defendants' son, plaintiffs transferred the business bank account of the trailer court to the son's wife. The check for $6,000 was turned over to plaintiffs. The wife of defendants' son then wrote a check on the business bank account to the son, which he in turn applied on the purchase of an automobile. In the meantime defendants, who had been out of the state, returned to Wichita and, apparently not liking the way things were going, stopped payment on the $6,000 check before it had cleared the California bank. Plaintiffs subsequently brought this action to recover the sum of $7,000, that being the agreed purchase price of their interest in the property.

The jury returned a verdict for plaintiffs for $7,000. No special findings were made. Defendants' motion for a new trial was overruled and judgment was entered upon the verdict. Defendants have appealed.

In their first specification of error defendants contend their demurrer to the second amended petition was erroneously overruled. One answer to this contention is that no appeal was taken from such order and it therefore is not subject to review.

Defendants' second, third and fourth specifications of error are that the court erroneously overruled their demurrer to plaintiff's evidence, their demurrer at the close of all the evidence, and their motion for a directed verdict.

With respect to these three specifications the applicable rule is the same—that is, all facts and inferences reasonably to be drawn from the evidence are to be resolved in favor of the party against whom the ruling is sought, and where the evidence is such that reasonable minds could reach different conclusions thereon the demurrer or motion, as the case may be, is to be overruled and the matter submitted to the jury. (*Revell v. Bennett,* 162 Kan. 345, 176 P. 2d

538; *Weber v. Wilson,* 187 Kan. 214, 216, 356 P. 2d 659, and *Casement v. Gearhart,* 189 Kan. 442, 445, 370 P. 2d 95.)

Defendants' fifth and sixth specifications of error are that the verdict is contrary to the law and evidence and that their motion for a new trial was erroneously overruled.

In their brief, however, defendants state their sole contention is that the unsigned "Sale Agreement" does not constitute an enforceable contract between the parties.

No complaint is made concerning any of the instructions, and therefore the presumption is that the jury was correctly instructed on all issues in the case.

While perhaps it may be said that the record discloses some rather "loose dealings" on the part of both parties subsequent to the agreement over the telephone whereby plaintiffs agreed to sell and defendants agreed to buy the remaining undivided one-half interest in the property, the fact remains the so-called "Sale Agreement" was a memorandum of the exercise of the option contained in the executed "Partnership Agreement" which was in full force and effect at all times, and was proof that defendants understood that an agreement had been reached. Plaintiffs simply agreed to sell—and defendants agreed to buy. Further evidence of the consummation of the option is the fact defendants made out a check for $6,000, payable to plaintiffs, as part payment of the purchase price. In view of this and other matters contained in the record it may not be said the court erred in overruling the demurrers and the motion for a directed verdict, above mentioned, and neither may it be said the verdict, which was approved by the trial court, is contrary to the law and the evidence.

As previously mentioned, the jury made no special findings, but its general verdict imports a finding favorable to plaintiffs upon every controverted question of fact in support of which evidence was introduced and raises a presumption that it, as the trier of facts, found all facts necessary to sustain and support the judgment. (*Dryden v. Rogers,* 181 Kan. 154, 157, 309 P. 2d 409, and *Manville v. Gronniger,* 182 Kan. 572, 577, 322 P. 2d 789.) Error is never presumed, and must be affirmatively established by the party alleging it. (*Vaughn v. Taylor,* 180 Kan. 190, 302 P. 2d 1004.)

A review of the record makes it clear that defendants have not sustained the burden of showing reversible error in this case, and the judgment must therefore be affirmed.