No. 44,086

Louis B. Toole, *Appellant,* v. Jack Johnson, *Appellee.*

(402 P. 2d 823)

Opinion filed June 12, 1965.

*James P. Johnston,* of Wichita, argued the cause, and *John C. Frank* and *Patrick F. Kelly,* both of Wichita, were with him on the brief for the appellant.

*Gerald Sawatzky,* of Wichita, argued the cause, and *George B. Powers, Carl T. Smith, John F. Eberhardt, Stuart R. Carter, Robert C. Foulston, Malcolm Miller, Robert N. Partridge, Robert M. Siefkin, Richard C. Harris, Donald L. Cordes, Robert L. Howard, Charles J. Woodin, Mikel L. Stout, Ronald K. Badger* and *Benjamin C. Langel,* all of Wichita, were with him on the brief for the appellee.

The opinion of the court was delivered by

Price, J.: This is an action to recover for personal injuries as the result of an automobile collision.

Plaintiff has appealed from an order sustaining defendant's motion for a directed verdict.

On the morning in question plaintiff was riding in the right rear seat of an automobile. As the car was about to pass through the gate to the Boeing plant in Wichita, it came in "contact" with the car being driven by defendant which also was attempting to pass through the gate. Both cars were proceeding slowly. When plaintiff's driver applied his brakes plaintiff was thrown against the back of the front seat, resulting in alleged injury to his previously injured back.

Plaintiff brought this action to recover for his injuries, charging defendant with various acts of negligence. In his answer defendant admitted that an extremely minor accident had occurred but denied negligence and charged that both plaintiff and his driver were guilty of negligence which was the sole proximate cause of the accident.

The matter came on for trial before a jury. At the close of plaintiff's evidence defendant moved for a directed verdict. The motion was taken under advisement. Defendant introduced his evidence relating to the issue of liability and then renewed his motion for a directed verdict. The motion was sustained and the jury was discharged. Plaintiff has appealed.

Rules relating to these matters are well settled.

In *Casement v. Gearhart*, 189 Kan. 442, 370 P. 2d 95, it was held:

"In a negligence case where no evidence is presented, or the evidence presented is undisputed and is such that reasonable minds could not accept it as sufficient to establish the existence of a fact, it becomes the duty of the court to remove the issue from the jury. (Syl. 1)

"In reviewing the propriety of an order sustaining a motion for a directed verdict, or, as here, a motion for judgment upon the entire record, this court is required to resolve all facts and inferences reasonably to be drawn from the evidence in favor of the party against whom the ruling is sought, and where the evidence is such that reasonable minds could reach different conclusions thereon the motion must be denied and the matter submitted to the jury." (Syl. 2)

To the same effect see *Schmid v. Eslick*, 181 Kan. 997, 1004, 317 P. 2d 459, and *Safeway Stores v. Wilson*, 190 Kan. 7, 11, 372 P. 2d 551.

Examining the record in this case we are of the opinion the evidence was such that the minds of reasonable men could reach different conclusions thereon, and therefore the trial court erred in taking the matter from the jury and sustaining the motion for a directed verdict. In such a case a trial court is not permitted to substitute its judgment on questions of fact for that of the jury, nor direct a verdict merely because the evidence decidedly preponderates for the moving party.

In view of the disposition of this case other matters raised in the briefs require no discussion. The judgment is reversed with directions to grant a new trial.