No. 44,504

DANNY L. GARDNER, a Minor by and Through EVANNE GARDNER, Mother, Natural Guardian and Next Friend, *Appellee*, v. ERVIN E. PEREBOOM, *Appellant*.

(416 P. 2d 67)

Opinion filed June 15, 1966.

*Robert M. Siefkin,* of Wichita, argued the cause, and *D. M. Ward,* of Peabody, and *George B. Powers, Carl T. Smith, John F. Eberhardt, Stuart R. Carter, Robert C. Foulston, Malcolm Miller, Robert N. Partridge, Richard C. Harris, Gerald Sawatzky, Donald L. Cordes, Robert L. Howard, Charles Woodin, Mikel L. Stout, Ronald K. Badger, Benjamin C. Langel* and *Phillip S. Frick,* all of Wichita, were with him on the briefs for the appellant.

*Gerald L. Michaud,* of Wichita, argued the cause, and *Russell Cranmer, Orval L. Fisher* and *M. William Syrios,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This is an appeal from a judgment in an action for damages for personal injuries to a passenger resulting from a collision of two automobiles at a street intersection. The case has been here before on a question of consolidation. (*Gardner v. Pereboom,* 194 Kan. 231, 398 P. 2d 293.)

As the chief controversy presented in this appeal involves the propriety of the action of the trial court in taking the question of defendant's negligence, proximate cause of the injury and plaintiff's contributory negligence from the jury, only the facts most favorable to the defendant need be presented for consideration. We note the following rules of law controlling the consideration of the evidence on these issues.

A question of fact may not be taken from the jury where reasonable minds might reach different conclusions from the evidence. (*Lackey v. Price,* 190 Kan. 648, 378 P. 2d 19; *Johnston v. Gann,* 193 Kan. 102, 391 P. 2d 1016.) This is true although the evidence is weak and inconclusive. On considering a directed verdict on any issue of fact the trial court does not weigh conflicting evidence or consider the preponderance of evidence in favor of the moving party. All evidence must be considered in the light most favorable to the opposing party. (*Toole v. Johnson,* 195 Kan. 88, 402 P. 2d 823; *White v. Rapid Transit Lines, Inc.,* 192 Kan. 802, 391 P. 2d 148; *Albin v. Munsell,* 189 Kan. 304, 369 P. 2d 323; *Henderson v. Kansas Power & Light Co.,* 184 Kan. 691, 339 P. 2d 702.)

Hillside Street is a four lane traffic way running north and south through the city of Wichita, Kansas. George Washington Boulevard has two ten foot lanes and crosses Hillside as it runs diagonally through the city from the northwest to the southeast.

At approximately 8:00 o'clock p. m. on May 30, 1961, the defendant, with his daughter as a passenger, was driving his automobile south on the inside lane of Hillside Street when they were stopped at the intersection of George Washington Boulevard by a red light. While waiting for the light to change they decided to turn left onto George Washington Boulevard. The defendant put on his blinker, signaling a left turn. There were four automobiles on the inside lane of Hillside Street for north bound traffic which blocked defendant's view of traffic in the outside lane. When the light changed defendant proceeded toward the center of the intersection as the four automobiles which he could see headed north were all signaling for a left hand turn. Defendant looked for approaching cars, saw none, and started his left hand turn onto George Washington Boulevard at a very slow speed, not over five miles per hour. He was in the inside lane for north bound traffic of Hillside Street and his automobile extended about two and one-half feet into the outside lane when he saw a car approaching from the south. Defendant brought his automobile to an abrupt stop. In defendant's opinion there was room on the outside lane for the automobile to pass by his car if it had chosen to do so.

The automobile approaching from the south was being driven by John A. Gardner, the sixteen year old brother of the plaintiff. Danny L. Gardner, the plaintiff, fourteen years of age, was a passenger in the automobile. The automobile in which he was riding was approaching the intersection at about thirty-five to forty miles per hour. About one-half block before it reached the intersection the light turned green and the automobile proceeded on to the intersection. The automobile in which plaintiff was riding struck the front of defendant's automobile and plaintiff was injured. The evidence as to what distance the drivers of the two cars could have seen each other is somewhat confusing. There was some evidence they should have seen each other at a distance of seventy feet regardless of the four cars in the inside north bound lane, and that they did see each other while they were thirty-five feet apart.

The posted speed limit on Hillside Street was thirty miles per hour. However, there was also testimony to the effect that there

was very heavy traffic at the intersection which was in the business area of the city of Wichita.

Those who might think the statement of facts somewhat onesided must understand that because of the nature of the issues presented, we must consider only that evidence most favorable to defendant. It may be suggested, however, that there is surprisingly little conflict in the testimony. There is a difference of opinion as to the distance the defendant's automobile had protruded into the outside lane of Hillside Street, and some difference of opinion as to the speed of the automobile in which plaintiff was riding.

The petition and answer contained the usual allegations found in automobile negligence cases where a passenger is involved. At the conclusion of the introduction of evidence the court removed from the jury the questions of negligence leaving it only the determination of damages.

The jury returned a verdict in favor of the plaintiff in the sum of $10,135.00. The defendant has appealed.

The appellant first contends that the trial court erred in taking the negligence questions from the jury. He contends that the evidence did not establish negligence of the defendant or proximate cause as a matter of law, and that the trial court should have directed a verdict for him because of appellee's failure to prove negligence and proximate cause, and further for the reason the appellee was guilty of contributory negligence as a matter of law. These issues raised by appellant require separate treatment.

We are constrained to agree with appellant that the evidence raised a question of fact as to the negligence of the defendant. There is no specific statute which would, under the facts and circumstances of this case, make the appellant's entrance into the intersection negligence as a matter of law. Our attention is called to K. S. A. 8-551, which provides:

"The driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard, but said driver, having so yielded and having given a signal when and as required by this act, may make such left turn and the drivers of all other vehicles approaching the intersection from said opposite direction shall yield the right of way to the vehicle making the left turn."

Rather than determine the issue the statute raises additional factual questions. Was the automobile in which appellee was riding so close to the intersection as to constitute an immediate hazard

requiring appellant to yield rather than attempt the left turn? Was the vehicle in which appellee was riding obligated to yield to appellant under the facts and circumstances of the case? We are confronted with another statute, K. S. A. 8-532 (*a*), which provides:

"No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing. In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care."

This statute raises additional questions of fact. Was the speed of appellee's automobile as it approached and entered the intersection a speed greater than was reasonable and prudent under the conditions then existing? There is ample evidence on which the jury could find that it was. However, this is a question of fact for the jury.

Assuming that the negligence of the driver may not be imputed to the appellee, it may well relieve appellant of a charge of negligence in that he was not obligated to anticipate that the driver of the car in which appellee was riding would enter the intersection at an unreasonable rate of speed. In *Wilson v. Cyrus*, 180 Kan. 836, 308 P. 2d 98, we said at page 838:

". . . The law is well established that the operator of an automobile may assume that others using the highway will observe the law of the road, and one is not guilty of negligence in acting upon such assumption unless and until he has knowledge to the contrary. (*Keir v. Trager*, 134 Kan. 505, 7 P. 2d 49, 81 A. L. R. 181; *Jones v. McCullough*, 148 Kan. 561, 83 P. 2d 669; *Smith v. Salts*, 170 Kan. 313, 224 P. 2d 1025.) It is equally well settled that as a matter of law one is not guilty of negligence who does not look for danger where there is no reason to apprehend any. (*Fowler v. Mohl*, 172 Kan. 423, 427, 241 P. 2d 517.) . . ."

The rule has been applied to unreasonable speed at an intersection in *State v. Dean*, 179 Kan. 24, 28, 292 P. 2d 694, where it is stated:

". . . It cannot be said that decedent was guilty of contributory negligence in failing to anticipate that, at this traffic controlled intersection, defendant in an intoxicated condition would be operating his automobile at the rate of fifty to sixty miles per hour, without slackening its speed or giving timely warning of his approach, and in utter disregard of others using the streets at the time and place in question."

The evidence as heretofore presented leaves factual issues to be determined. When facts are in dispute or different inferences may be drawn from the facts, the existence of negligence is a question for the jury. (*Yeates v. Harms*, 194 Kan. 675, 401 P. 2d 659; *Thorn-*

*ton v. Bench,* 188 Kan. 89, 360 P. 2d 1065; *In re Estate of Magie,* 187 Kan. 753, 360 P. 2d 6; *Bishop v. Huffman,* 177 Kan. 256, 278 P. 2d 588.)

The questions of proximate cause may be disposed of summarily. If the jury finds the appellant not guilty of negligence, then there is no negligent cause on his part. However, the location of his automobile was necessarily one of the causes of the accident and if he were negligent in placing it there his negligence was one of the concurrent causes of the injury to appellee.

In *Applegate v. Home Oil Co.,* 182 Kan. 655, 324 P. 2d 203, we stated at page 664:

". . . What injured the plaintiff was a direct result of the combined negligence of Walton and Applegate. Although the jury found the defendants' negligence was the proximate cause of the injury, the question involved is one of concurrent negligence. The contention that Applegate's failure to stop or otherwise avoid the collision was responsible for the injuries is unavailing to the defendants for the reason that concurrent acts of negligence of joint tort-feasors contributed to bring about injury to the plaintiff. In such a situation the degree of culpability is immaterial (*Acock v. Kansas City Power & Light Co.,* 135 Kan. 389, 398, 399, 10 P. 2d 877; *Tilden v. Ash,* 145 Kan. 909, 67 P. 2d 614, Syl. ¶ 2; *Rowell v. City of Wichita,* [162 Kan. 294, 176 P. 2d 590] supra, p. 303; *Knox v. Barnard,* 181 Kan. 943, 317 P. 2d 452)."

In *Polzin v. National Cooperative Refinery Ass'n,* 175 Kan. 531, 266 P. 2d 293, it is stated in paragraph 8 of the syllabus:

"Where injury to an innocent party would not have occurred, except for the concurrent negligence of others, the degree of culpability of each defendant is immaterial and the subject of proximate cause need not be considered; those whose acts united in producing the injury will be held jointly and severally liable to the injured party for the entire damage."

Under the circumstances mentioned in the above quotation "proximate cause need not be considered" because there is no issue left as to proximate cause. It is present as a matter of law.

We cannot agree with appellant's contention that he should have received a directed verdict because of the contributory negligence of the appellee as a matter of law. Our attention is called to *Beye v. Andres,* 179 Kan. 502, 296 P. 2d 1049, where we held:

"Although the negligence of a driver is not imputed to a guest, or passenger, it nevertheless is the duty of a guest, or passenger, to exercise reasonable care for his own safety and, where he has the same opportunity as a driver to observe the dangerous conditions and circumstances and fails to take any precautions whatsoever for his own safety until it is too late, he is guilty of contributory negligence which bars recovery." (Syl. 6.)

We stated in the *Beye* case, however, that a jury question was presented using the following language:

". . . Other evidence in the case disclosed that the view was obstructed at this intersection, and that the car in which plaintiff was riding entered the intersection at a speed of approximately thirty-five or forty miles per hour. No useful purpose could be gained in reciting the highly controversial evidence as related by the parties and their respective witnesses. It may be said that this was purely a fact case, and the question of negligence of the defendant, the contributory negligence of the plaintiff, and the proximate cause were questions of fact properly submitted to the jury, . . ." (p. 505.)

Without reviewing in detail the pertinent facts, we consider the question of contributory negligence under the guidance of fundamental rules which prescribe the function of the court and jury.

The question of contributory negligence is ordinarily a question for the jury and is to be determined by the court only when the facts are such that reasonable minds might not differ. (*In re Estate of Lloyd,* 178 Kan. 572, 290 P. 2d 817.)

In *Cain v. Steely,* 173 Kan. 866, 873, 252 P. 2d 909, it is stated:

"It is also a well-established rule in this state that in determining whether a plaintiff is guilty of contributory negligence when tested by demurrer, the question must be submitted to the jury if the facts are such that reasonable minds might reach different conclusions thereon. (*Hill v. Hill,* 170 Kan. 721, 228 P. 2d 713; *McCracken v. Stewart,* [170 Kan. 129, 223 P. 2d 963] supra; *Hukle v. Kimble,* [169 Kan. 438, 219 P. 2d 434] supra; West's Kansas Digest, Negligence, § 136 [9]; 4 Hatcher's Kansas Digest [Rev. Ed.] Negligence, § 75.)"

We conclude that it was error for the trial court to take the question of appellee's contributory negligence from the jury but it was not error to refuse to direct a verdict for appellant because of appellee's contributory negligence. The issue presented a question of fact for the jury.

Although what has been said requires a reversal of the judgment, we have been specifically requested to pass on two questions of evidence.

The appellant complains of the trial court's refusal to let him question a police officer as to the officer's opinion of a reasonable maximum speed at the intersection under the circumstances surrounding the accident. We cannot agree. The testimony of an expert in the form of an opinion is covered by K. S. A. 60-456 (b) which reads:

"If the witness is testifying as an expert, testimony of the witness in the form of opinions or inferences is limited to such opinions as the judge finds are (1) based on facts or date perceived by or personally known or made

known to the witness at the hearing and (2) *within the scope of the special knowledge, skill, experience or training possessed by the witness."* (Emphasis supplied.)

Reasonable speed is not a matter of special knowledge or skill. It must be such speed as will be understood by reasonable or ordinary men if it is to be the basis for a charge of negligence. Where the normal experience and qualifications of laymen jurors permit them to draw proper conclusions from given facts and circumstances, expert conclusions or opinions to be drawn from the facts and circumstances are inadmissible. (*Campbell v. Clark,* 283 F. 2d 766; *Nave v. Hixenbaugh,* 180 Kan. 370, 374, 304 P. 2d 482.) It was the function of the witnesses to present the facts and circumstances and it was the jury's responsibility to conclude what was the reasonable maximum speed at the intersection. An exhaustive annotation on this question will be found in 62 A. L. R. 2d 1426.

Appellant last contends that the trial court erred in not permitting him to show that appellee's driver, John Gardner, had received a reckless driving conviction about eight months before the collision in controversy. We are forced to conclude that the trial court's ruling was correct. The fact that the driver of the automobile has been guilty of a single offense of reckless driving does not form the basis for an inference of recklessness at the time of the subsequent accident or of a general reckless character. Evidence of specific instances of conduct intended to prove a character trait, except evidence for conviction of a crime, is inadmissible. (K. S. A. 60-447 [a].) We stated in connection with a similar question:

". . . Specific instances of reckless flying or reckless driving are not admissible to prove the general reputation of the flyer or driver. (See *Theno v. Cuthbertson,* 140 Kan. 223, 36 P. 2d 79, also *In re Estate of Hill,* 202 Iowa 1038, 208 N. W. 334.)" (*In re Estate of Rivers,* 175 Kan. 809, 814, 267 P. 2d 506.)

The judgment is reversed with instructions to grant a new trial on all issues.

APPROVED BY THE COURT.

FROMME, J., dissenting: The first appearance of this case in this court is recorded in *Gardner v. Pereboom,* 194 Kan. 231, 398 P. 2d 293. In that case this court reversed the trial court, after a trial of the issues, for the reason that the trial court consolidated the action by the driver of the Gardner car with the action of a passenger in

the Gardner car. This court held that separate actions with separate plaintiffs could not be consolidated under the provisions of G. S. 1949, 60-765 unless all plaintiffs had an interest in the subject of the actions and in the relief demanded.

On a return of the cases to the trial court the driver of the Gardner car dismissed his case. The passenger in the Gardner car prosecuted his action against the defendant Pereboom. A jury awarded substantial damages. The trial court in the process of the trial determined that the defendant was negligent as a matter of law and that this negligence was the proximate cause of the plaintiff's injuries.

The court submitted the case to the jury on the sole issue of damages. The defendant appealed and a majority of this court feels that the case should be sent back for a third trial. I respectfully dissent.

The court should be certain that the errors complained of require a reversal in the interest of justice. This court had little difficulty in determining that the other trial errors, which concerned matters of evidence, failed to constitute error. The directing of a verdict except on the issue of damages remained as the one trial error requiring reversal.

The facts set forth in the majority opinion are those most favorable to defendant. The defendant was proceeding south on Hillside Avenue. The car in which plaintiff was riding was proceeding north on Hillside. The traffic control at this intersection turned green and defendant made a left turn in the face of oncoming traffic. He proceeded from the inside lane of southbound traffic on Hillside across the center stripe, passed the west half of the northbound traffic lane of Hillside and proceeded two and one-half feet into the east half of this northbound traffic lane and stopped in a position blocking all traffic in the west half of the northbound traffic lane and blocking a substantial part of the lane in which plaintiff was traveling. As a matter of law this constituted negligence by defendant. His actions were a plain violation of K. S. A. 8-551 and his violation resulted in just the collision which this statute seeks to prevent.

It has been generally held that the negligence of a driver cannot be imputed to a passenger who has no control over the vehicle. (*Kendrick v. Atchison, T. & S. F. Rld. Co.,* 182 Kan. 249, 320 P. 2d

1061; *Taggart v. Yellow Cab Co. of Wichita*, 156 Kan. 88, 131 P. 2d 924.)

In line with the *Kendrick* decision the passenger may have a duty to protect himself and may be barred because of his independent negligence. However, the facts we have in the case before this court disprove any possible negligence on the part of plaintiff passenger which might have contributed to his own injuries. Assuming the car in which he was riding was traveling 40 miles per hour with the traffic light green and vision to his left was blocked by cars in the inside lane, it was not disputed that the driver of the Gardner car saw the defendant's car as quickly as the physical facts permitted him to see it. The 14-year old passenger cannot be guilty of negligence for failing to advise his driver of a fact which was already apparent to the driver.

Officer Henton established that a car traveling 35 miles per hour travels 51.3 feet per second; that the time it takes a person to react to apparent danger is three-fourths of a second, in which time a car travels 37.4 feet if driven at a speed of 35 miles per hour. He further testified that the braking distance at a speed of 35 miles per hour would be 91.9 feet. This makes a total of 130.3 feet necessary for the car to be stopped. The evidence indicated the two cars were not more than 70 feet apart when they became visible to each other for the first time. In my opinion the admitted and uncontroverted facts in this case establish that the car in which plaintiff was riding could not have been stopped in time to avoid the collision. The street had two lanes of traffic going north. The driver of plaintiff's car cannot be required to avert injurious consequences of defendant's negligence. (38 Am. Jur. Negligence § 79; 65 C. J. S. Negligence § 111, p. 695.) His failure to avert the accident cannot relieve the original wrongdoer of liability. The negligence of the driver of a car cannot in this case be imputed to the passenger. Neither can the 14-year old passenger be charged with negligence in failing to advise the driver of the dangerous situation created by defendant when the evidence establishes that the driver was aware of the same. The evidence conclusively establishes negligence by defendant which alone could have been the proximate cause of this accident.

This court should not indirectly destroy the rule against imputing negligence of the driver to a passenger by requiring a passenger to

remonstrate with his driver against every action which might create some degree of negligence. To do so would make this a state of "back seat drivers." The facts of this case were not such that a 14-year-old boy should have advised the driver of his car the minute the speedometer exceeded the posted speed limit. The testimony on the speed varied from 25 miles per hour to as much as 40 miles per hour.

I would affirm the case.

FONTRON and O'CONNOR, JJ., join in the foregoing dissent.