No. 43,589

ROBERT C. WHITE, *Appellee,* v. RAPID TRANSIT LINES, INC., *Appellant.*

(391 P. 2d 148)

Opinion filed April 11, 1964.

*Royce E. Wallace,* of Wichita, argued the cause, and *Dale M. Bryant, Morris H. Cundiff, Garner E. Shriver* and *Glenn J. Shanahan,* all of Wichita, appeared with him on the briefs for the appellant.

*J. Kent McCormick,* of Wichita, argued the cause and *Henry E. Martz, Clyde Wendelken* and *Elliott Fry,* all of Wichita, appeared with him on the briefs for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This is an appeal from a verdict and judgment rendered in an action for damages resulting from a motor vehicle collision at a street intersection.

There is no dispute as to the pleadings. The facts may be summarized.

The plaintiff, Robert C. White, was returning home from work on the evening of December 27, 1960, at about 6:40 P. M. in the city of Wichita, Kansas. Freezing rain or mist had been falling. He turned left on 31st Street South and proceeded south on Everett Street approaching the intersection at 33rd Street.

At the same time a Mr. Fred Hicks was driving a bus for the defendant, the Rapid Transit Lines, Inc. Upon reaching 33rd Street South Mr. Hicks turned east and proceeded toward the intersection of Everett and 33rd Street.

The defendant's bus collided with plaintiff's automobile at the intersection. The bus struck the right side of plaintiff's automobile "almost dead center."

The plaintiff testified that because of a playground located on the east side of Everett Street extending from 31st Street to 33rd Street he was proceeding south at a leisurely speed of from fifteen to twenty miles per hour. The first time he observed the bus approaching from his right, or from the west, was when he was twenty-five or thirty feet from the intersection. The bus was traveling at a speed of thirty miles an hour or more. He applied his brakes but his car started skidding.

The testimony of Mr. Hicks, the driver of defendant's bus, is abstracted in narrative form. We quote:

"He approached the intersection of 33rd and Everett Streets at a speed of approximately 15 to 20 miles per hour. And when he was approximately 45 to 55 feet west of the west curb line of Everett Street, and before he could see

past the house that was located on the northwest corner of the intersection, he observed the reflection of car lights in the intersection. Whereupon, he began to check his speed by applying his brakes and had reduced his speed to approximately 10 or 12 miles per hour by the time he could see north on Everett Street. At that point he observed a southbound automobile 50 to 60 feet north of the intersection, traveling at a speed of 30 to 35 miles per hour. Whereupon, Mr. Hicks applied his brakes with full force. . . ."

The plaintiff suffered personal injuries. The muscles, ligaments and cartilage of his right knee were bruised and torn.

The jury returned a general verdict in favor of the plaintiff. The defendant has appealed.

The appellant first contends that the trial court erred in failing to sustain its demurrer to appellee's evidence and in failing to direct a verdict in favor of appellant at the close of all of the evidence. The contention is based on the premise that the evidence shows contributory negligence on the part of appellee as a matter of law.

We do not agree with appellant's contention.

The appellee testified that he approached the intersection at a leisurely speed of fifteen or twenty miles per hour and that the driver of the bus approached the intersection at a speed of thirty miles an hour or more. The driver of the bus testified that he approached the intersection at a speed of fifteen or twenty miles per hour and that the appellee approached the intersection at a speed of thirty to thirty-five miles per hour.

The jury had a right to assume that approaching the intersection at a speed of thirty miles per hour or more constituted negligence under the existing circumstances. The testimony of the only two eye witnesses was in direct conflict. It was for the jury to determine which of the witnesses it was to believe.

The determination of a controverted question of fact involving the credibility of witnesses and the truth of their testimony is ordinarily a question for the jury.

In *Wheeler v. Jackson*, 132 Kan. 742, 297 Pac. 427, we stated at page 744 of the opinion:

". . . Although defendant produced more witnesses in support of his claim as to signals than did the plaintiff in his support of her contention, it does not require the acceptance of the testimony of defendant's witnesses to be the truth. It is not necessary to cite authorities to uphold the rule that controverted questions of fact involving the credibility of witnesses are questions for the jury. . . ."

The rule was again stated in *Phoenix Indemnity Co. v. Zinn*, 177 Kan. 689, 696, 281 P. 2d 1065 where it is said:

". . . The trier of the facts is not constrained or compelled to believe, or conversely, to disbelieve, any evidence so long as it is competent evidence. (1 Hatcher's Kansas Digest, rev. ed., App. & Err., §§ 503, 504, p. 205; § 507, p. 206; § 508, p. 208; 2 West's Kansas Digest, App. & Err., § 989, p. 589.)"

It is the function of the trier of the facts, not this court, to determine what testimony should be believed. We stated in *Holler v. Dickey Clay Mfg. Co.*, 157 Kan. 355, 365, 139 P. 2d 846:

". . . It is not for us to say what testimony should be given credence or what evidence should be disbelieved. Under the rule often announced it is the function of the trial court, not the appellate court, to weigh conflicting evidence. (*Brown v. Olson Drilling Co.*, 155 Kan. 230, 231, 124 P. 2d 45; *Earhart v. Wible Ice & Cold Storage Co.*, 150 Kan. 695, 698, 95 P. 2d 366; *Johnson v. Voss*, 152 Kan. 586, 589, 106 P. 2d 648, and *Meredith v. Seymour Packing Co.*, 141 Kan. 244, 40 P. 2d 325.)"

The rule applicable to testing the sufficiency of evidence when challenged by demurrer has been many times repeated by this court.

In *Creten v. Chicago, Rock Island & Pac. Rld. Co.*, 184 Kan. 387, 337 P. 2d 1003, we held in the first paragraph of the syllabus:

"In testing the sufficiency of evidence as against a demurrer, the evidence and the inferences that may be properly drawn therefrom must be considered in the light most favorable to the party against whom the demurrer is directed and if the evidence and the inferences viewed in that manner are of such character that reasonable minds, in the exercise of fair and impartial judgment, may reach different conclusions thereon, the demurrer should be overruled and the issue submitted to the jury."

Again in *Lloyd v. Runge*, 186 Kan. 54, 56, 348 P. 2d 594, it is said:

"From what has been previously stated it becomes obvious the over-all issue raised by this appeal is whether the trial court erred in sustaining the demurrer to the appellant's evidence. On that account it should now be stated such issue must be disposed of in the light of the universal rule (*Messinger v. Fulton*, 173 Kan. 851, 252 P. 2d 904; *Cain v. Steely*, 173 Kan. 866, 252 P. 2d 909; *Brent v. McDonald*, 180 Kan. 142, 300 P. 2d 396; and numerous other decisions to the same effect listed in West's Kansas Digest, Appeal & Error, § 927[5], Trial, § 156 [2], [3]; Hatcher's Kansas Digest [Rev. Ed.] Appeal & Error, § 488, Trial § 149) that in ruling on a demurrer to evidence court's do not weigh or compare contradictory testimony but must accept all evidence as true, give it the benefit of all inferences that may be drawn therefrom, and consider only such portions thereof as are favorable to the party adducing it."

The trial court instructed the jury:

"The provisions of law governing right of way at intersection of two streets are not absolute—they are relative. This means that the duty to avoid an accident or collision at an intersection of two streets of equal precedence rests on both drivers of two vehicles approaching the intersection at approximately the same time. . . ."

The appellant contends that the trial court erroneously refused to add to the instruction the following: ". . . Neither driver may avoid the duty by presuming the other would stop or yield the right of way."

We are of the opinion the instruction given sufficiently covered the particular issue in the case. The record discloses no evidence which would indicate that the appellee presumed the driver of the bus would stop or yield the right of way.

An instruction, although it correctly states the law, should not be given on issues not involved in the lawsuit. (*Randel v. Kansas Turnpike Authority*, 181 Kan. 416, 312 P. 2d 235 and *Kettler v. Phillips*, 191 Kan. 486, 382 P. 2d 478.)

The appellant contends that the verdict in the amount of $8,081.50 was so excessive as to indicate passion and prejudice on the part of the jury. We do not agree.

The testimony was to the effect that the appellee's activities were materially curtailed because of the knee injury, and that there would be some permanent disability even though a successful operation was to be performed.

The only standard for evaluating the amount of damages resulting from an injury is such amount as reasonable persons estimate to be fair compensation for the injury. The law has entrusted this responsibility to the trier of facts. A reviewing court will not interfere unless the amount is so great as to shock the conscience of the court. (*Domann v. Pence*, 183 Kan. 135, 325 P. 2d 321; *Neeley v. St. Francis Hospital & School of Nursing*, 188 Kan. 546, 363 P. 2d 438, and *Kettler v. Phillips*, supra.)

We find no trial errors which would justify the granting of a new trial.

The judgment is affirmed.

APPROVED BY THE COURT.