No. 45,206

Ted Rooks, *Appellee* v. Robert Brunch, Sr., *Appellant.*

(449 P. 2d 580)

Opinion filed January 25, 1969.

Payne H. Ratner, Jr., of Wichita, argued the cause, and Payne H. Ratner, Louise Mattox, Cliff W. Ratner, R. R. Barnes, Jim Lawing, and Edmond L. Kinch, all of Wichita, were with him on the brief for the appellant.

James P. Johnson, of Wichita, argued the cause, and Clarence R. Sowers, John W. Sowers, and Davis S. Carson, all of Wichita, were with him on the brief for the appellee.

The opinion of the court was delivered by

Harman, C.: This is an action for damages for personal injuries arising out of an alleged assault and battery. A jury awarded plaintiff compensatory damages in the sum of $1,500 and punitive damages in the sum of $3,500. Defendant appeals.

Plaintiff was a resident of Wichita; his occupation was that of painter and truck driver. Defendant was a farmer residing near Fall River, Kan. He also owned a home in Wichita. Plaintiff had been acquainted with defendant's son, Bobby, for a number of years but prior to the incident in question was not acquainted with defendant.

On May 13, 1964, defendant's son Bobby had borrowed defendant's pickup truck from the Fall River farm and had driven it to Wichita. At about 4:00 p. m. Bobby met plaintiff at a tavern on North Broadway and commenced drinking with him. After having several beers there the two left in the pickup for another bar. They spent the balance of the night drinking beer and whiskey in various taverns in Wichita. At some point in the evening Bobby had either called his mother about leaving the pickup at some

club along North Broadway, or Bobby's father, the defendant, had called Bobby saying he wanted the truck.

Bobby and plaintiff then spent the night at defendant's home in Wichita; they arose about 10:00 a. m. on May 14 and resumed their drinking marathon at various taverns. Eventually they found their way to the Tiger Club where they continued to imbibe and talk with friends. Meanwhile defendant and his wife had come to Wichita to get the pickup truck, arriving about 5:00 or 5:30 p. m. At one club at which they stopped they were advised Bobby and plaintiff had been there earlier. As defendant drove by the Tiger Club he noticed his pickup parked in front and he stopped.

From this point on the testimony offered at trial sharply conflicted. Defendant's version was that his wife walked over to the pickup; plaintiff was sitting in the truck on the driver's side; the motor was running; she asked him to get out, he refused and pushed the truck door causing her to lose her balance and fall; defendant then went to her aid; when he reached the truck plaintiff was backing it; defendant turned the ignition off; as he did so plaintiff struck him in the face and he struck back; seconds later the altercation ended and defendant drove the truck away.

For plaintiff it was shown he and Bobby left the Tiger Club together and started for the pickup truck; plaintiff had just got in the seat when defendant, without saying a word, leaped into the cab and severely beat him on the head and face. Defendant struck several blows. Meanwhile, Bobby was saying, "He hasn't done anything. Dad. He's with me. He's with me." Defendant's wife, who had followed him over to the pickup, was shouting, "Don't do it. Don't do it." "Let him alone." After the fight was over Bobby kept repeating threats against his father. Plaintiff denied any conversation with defendant's wife prior to the altercation. Plaintiff's version was supported by the club manager who witnessed the affray.

Upon appeal defendant asserts there was insufficient evidence upon which to submit the issue of punitive damages to the jury. Punitive damages are imposed by way of punishing a defendant for malicious or vindictive acts or for a willful and wanton invasion of plaintiff's rights, the purpose being to restrain him and deter others from the commission of like wrongs (*Motor Equipment Co. v. McLaughlin,* 156 Kan. 258, 133 P. 2d 149). The problem is the application of the rule to given facts. Defendant's argument here of insufficiency of evidence is based upon his version of the facts—

that he was simply defending his wife and himself from an aggressor and should not have been subject to punitive damages. If on appellate review we were permitted to adopt defendant's version of the affair, then we might agree with his contention, but we are not at liberty to substitute our judgment for that of the jury. Under all the evidence a jury question was presented and it became the jury's responsibility to determine whether defendant acted with reasonable justification or excuse or whether he was acting wantonly and maliciously in wreaking his private vengeance.

Defendant complains of the trial court's failure to give a requested instruction further defining the measure of damages to be applied in determining the amount of punitive damages. The instruction given by the court on the subject was that found at PIK 9.44. The instruction requested was simply an enlargement thereof, and, although it would not have been improper to give such an instruction, we cannot say it was so vital that the failure to give it constituted reversible error.

Defendant also complains of the trial court's failure to give an instruction defining one's right to recover his property from a trespasser. There was no request for such an instruction at trial, and indeed it would hardly have been appropriate under defendant's own version of events. Both defendant and his wife testified the first thing defendant did, prior to the time any blows were struck, was to remove the ignition key from the truck, thus effectively securing his property. Defendant was afforded the benefit of an instruction on one's right to act in self-defense or in defense of his wife—the only matter offered by him at the trial by way of excuse or justification—but the jury obviously rejected this theory of the case.

Defendant complains in two respects of plaintiff's closing summation to the jury. Plaintiff's counsel commented on an objection to evidence successfully interposed during the trial by defendant's counsel. Objection was immediately made to counsel's comment, the trial court promptly sustained the objection and admonished the jury to disregard the comment. We think the trial court's ruling adequately disposed of the impropriety. We have examined the other argument complained of, which was unobjected to at the time, but are unable to discern anything approaching reversible error.

Beyond these alleged trial errors, one matter remains, the amount of the verdict, said by defendant to be excessive. Compensatory

damages of $1,500 were allowed. Defendant argues that inasmuch as this amount was twenty-six times the amount of plaintiff's out-of-pocket expense ($57.50 medical and hospital) it was so out of proportion as to be excessive. We are aware of no formula prescribing any ratio of special damages to total compensatory damages. The evidence showed plaintiff was severely beaten on the face and head with some resultant pain. Nine stitches were required to close his wounds. At time of trial nearly three years later he had on his forehead a small scar and a small nodule. We cannot say the award for compensatory damages was excessive.

A majority of the court believes, however, in view of the nature and extent of the wrong under all the circumstances surrounding the incident, the award of $3,500 for punitive damages was so grossly excessive as to shock the conscience of the court (see *Hammargren v. Montgomery Ward & Co.*, 172 Kan. 484, 241 P. 2d 1192). Whether such is the case is always a difficult question, but we reach our conclusion upon consideration of the entire record, giving plaintiff due allowance for those disputed matters which the jury verdict resolved against defendant. The incident was the culmination of a two-day drinking spree during which plaintiff and defendant's son used defendant's truck for tavern-hopping at a time when defendant had expressed a need for the vehicle. At the precise time of the assault plaintiff, a complete stranger to defendant, was seated on the driver's side of defendant's truck. The monetary damage suffered by plaintiff, already set forth, was slight and his actual injury was minimal in nature. Considering all facts and circumstances under which the incident occurred, and the nature and extent of injury, and the cause thereof, we conclude the verdict for punitive damages was too large by $1,500 and should be reduced by that amount, and it is accordingly so ordered. The judgment for compensatory damages for $1,500 is approved; that for punitive damages is reduced from $3,500 to $2,000 and, as so modified, is affirmed.

APPROVED BY THE COURT.

FROMME, J., dissenting: The award by the jury of $3,500 for punitive damages is not so grossly excessive as to shock my conscience. I would affirm the judgment without reducing the jury verdict. Hence, I respectfully dissent.

FATZER, J., joins in the foregoing dissent.