No. 46,078

Juanita Langley, *Appellee*, v. Byron Stout Pontiac, Inc., *Appellant.*

(491 P. 2d 891)

Opinion filed December 11, 1971.

*William R. Smith,* of Hershberger, Patterson, Jones and Thompson, argued the cause, and *Stephen Jones,* of Hershberger, Patterson, Jones and Thompson, both of Wichita, was with him on the brief for the appellant.

*John C. Frank,* of Wichita, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

Fromme, J.: This action arose from a rear-end automobile collision which occurred in Wichita, Kansas. The collision was caused by a brake failure. Plaintiff, Juanita Langley, recovered a jury

verdict for $16,000 against the defendant, Byron Stout Pontiac, Inc., because of defendant's negligence in repairing the brakes of the offending vehicle. Defendant appeals from the judgment entered on the verdict.

The general thrust of defendant's argument is two pronged, excessive verdict and trial errors.

Plaintiff's automobile was stopped at a stop light when it was struck from the rear by an automobile owned and operated by Darrel M. Gaines. The brakes on the Gaines vehicle had been repaired by the defendant, Byron Stout Pontiac, Inc., on May 20. The brakes failed and the collision occurred on June 28. The pretrial order contained the following stipulations of the parties:

"1. The parties have agreed to be bound by the following stipulations:

"A. Plaintiff was involved in a multiple car collision on June 28, 1966, on South Oliver Street in Wichita, Sedgwick County, Kansas. Plaintiff's car was run into in the rear by one Darrell Gaines.

"B. Said collision was caused by a brake failure on the Gaines automobile. At the time of the collision, plaintiff was employed at the rate of $2.75 per hour and worked a forty hour week.

"C. As a result of the collision, plaintiff was injured and incurred hospital expenses as reflected by her bill."

Evidence at the trial conclusively established the brakes had been repaired by an employee of the defendant. Evidence further indicated that a bolt securing the brake cylinder to the backing plate on the inside of the wheel drum was missing after the accident. The absence of this bolt permitted the brake cylinder to turn and allowed the brake fluid to escape.

The driver Gaines testified he observed a quantity of brake fluid underneath his car after the accident. The brakes had been working shortly before the accident. When his brakes suddenly gave way he attempted to engage the emergency brake but time did not permit him to reach the second brake. Prior to the collision he was driving with the traffic at 20 to 25 miles per hour. When his brakes were first engaged he felt some pedal pressure but on further pressure the pedal gave way and the brakes failed.

The plaintiff was 42 years of age and was working for Boeing Airplane Company as a sheet metal assembler. Prior to the accident she was in good health and had worked for that company seventeen years. When the accident occurred her car was stopped at a stop light. The force of the impact threw her forward into the steering wheel. She was aware of pain in her neck at that

time and was admitted to the hospital two hours later. She was discharged from the hospital five days thereafter but continued to complain of pain in her right shoulder and neck. Treatments for muscle spasm in the shoulder and neck muscles were continued over a period of 20 months. At the time of the trial she used a traction appliance at home to stretch her neck muscles and relieve the pain. She further testified of other physical limitations caused by her injury. Her eyesight was affected. She could not hold a pillow under her chin to place it in a pillow case. She had difficulty in moving her head when driving a car. She could not sleep on her stomach as was her custom and she had to steady her neck with a towel when having her hair shampooed. Although X-rays failed to disclose damage to bone structure, her doctor could not state with certainty that she would fully recover from her injuries. She has returned to her work.

The determination of controverted questions of fact involving the credibility of a witness and the truth of the testimony is ordinarily a question of fact to be determined by the jury. (*White v. Rapid Transit Lines, Inc.*, 192 Kan. 802, 391 P. 2d 148.)

Defendant strenuously contends the $16,000 verdict was excessive. The evidence of actual medical expenses incurred and loss of earnings suffered according to the record before us amounts to $300. The cost of certain items of damage such as the hospitalization does not appear in this record. Defendant asks that a new trial be granted or in the alternative a remittitur be ordered. It should be noted that a general verdict was returned. There is nothing in the nature or amount of this verdict and nothing in the evidence or argument on appeal which would indicate a remittitur should be granted because of the inclusion of any erroneous element of damages. The charge of excessiveness is directed toward a single verdict which includes present and future damages for medical expenses, hospital bills, loss of wages, pain and suffering and any physical disability incurred. When the charge of an excessive verdict is general in nature it falls within the rule expressed in *Knoblock v. Morris*, 169 Kan. 540, 220 P. 2d 171. A request for a remittitur of a portion of the verdict should be denied when such remittitur would result merely in substituting this court's judgment for that of the jury. The jury is the trier of the facts, not this court. (See *Domann v. Pence*, 183 Kan. 135, 325 P. 2d 321.)

The appellant further argues the amount of the verdict is so out of proportion to the injuries incurred that the trial court erred in refusing to grant a new trial because of passion or prejudice of the jury. (See K. S. A. 1970 Supp. 60-259, *Third.*)

When a charge of excessive verdict is based on passion or prejudice of the jury and depends for support solely on the amount of the verdict, the trial court will not be reversed for refusing a new trial unless the amount of the verdict in the light of the evidence shocks the conscience of the appellate court. (*Knoche v. Meyer Sanitary Milk Co.*, 177 Kan. 423, 280 P. 2d 605; *Neely v. St. Francis Hospital & School of Nursing*, 188 Kan. 546, 363 P. 2d 438; *Slocum v. Kansas Power & Light Co.*, 190 Kan. 747, 378 P. 2d 51.)

Although the verdict in this case was for $16,000 the plaintiff sued for $37,500. There is nothing in the record before us, other than the amount, from which to find the verdict was a result of passion or prejudice of the jury. Pain and suffering have no known dimensions, mathematical or financial. (*Domann v. Pence, supra.*) This is not a case where punitive damages were allowed as in *Rooks v. Brunch*, 202 Kan. 441, 444, 449 P. 2d 580.

Stated simply we hold the conscience of this court is not shocked by the amount of the verdict and a new trial should not be granted.

We turn to the trial errors alleged.

During the *voir dire* examination of the jury panel by counsel for plaintiff, one of the prospective jurors asked the following question:

"What about the insurance that we've been paying for? Isn't that supposed to take care of these little things?"

The prospective jurors were immediately advised by counsel for plaintiff that they were not to concern themselves with insurance or with where the money comes from to pay a judgment. The matter was passed over without further comment by court or counsel.

This juror was not challenged or removed peremptorily. At the first recess after *voir dire* examination counsel for defendant moved for a mistrial.

At the suggestion of counsel for plaintiff the court offered to instruct the jury at that time, or later when the written instructions were to be given, that they were not to be concerned with questions

of insurance or where the money comes from to pay a judgment. Counsel for defendant advised the court that such an instruction would merely aggravate the mention of insurance and he did not want the instruction or admonishment given. The motion for a mistrial was overruled and on appeal defendant contends error was committed.

K. S. A. 60-454 provides:

"Evidence that a person was, at the time a harm was suffered by another, insured wholly or partially against loss arising from liability for that harm is inadmissible as tending to prove negligence or other wrongdoing."

No evidence of insurance was offered and none was received during the trial. The provisions of the statute were not violated.

However, this court, in attempting to force compliance with the spirit of the statute, has frowned on the practice of using one means or another to suggest to a jury that the defendant is covered by liability insurance. (*Bott v. Wendler,* 203 Kan. 212, Syl. ¶ 6, 453 P. 2d 100.) An examination of our cases on the subject indicates that when the mention of insurance during a trial is purely inadvertent and is not brought into the case by intentional misconduct of plaintiff's counsel prejudicial error has not been committed thereby. (See *Newell v. City Ice Co.,* 140 Kan. 110, 113, 34 P. 2d 558; *Thompson v. Barnette,* 170 Kan. 384, 227 P. 2d 120; *Caylor v. Atchison, T. & S. F. Rly. Co.,* 189 Kan. 210, 368 P. 2d 281; *Bott v. Wendler,* supra.)

The mention of insurance in this case was purely inadvertent and was not brought into the case by counsel. No prejudicial error was committed thereby.

Plaintiff complains of the exclusion of or limitation on certain testimony. A mechanic who testified was asked by defendant if it was *customary* in repairing the brakes of a vehicle to replace the old bolt and lock washer when the wheel cylinder is overhauled. Objection to the use of the word "customary" was sustained. The question was then rephrased and answered as follows:

"Q. . . . In your trade is it reasonable to replace the old bolt and lock washer when the wheel cylinder is overhauled?

"A. No, not unless it shows evidence of a wear or of a potential failure. When we overhaul an old wheel cylinder we reinstall the same bolts and washers."

It appears the evidence solicited by defendant was admitted in slightly different form. We fail to see how the difference in the

form of the question could be prejudicial. A party seeking a reversal because of the exclusion of evidence has the burden of showing prejudice as well as error in any ruling on which complaint is made. (*Osborn v. Lesser,* 201 Kan. 45, 439 P. 2d 395.) There was no great difference in the thrust of these two questions and the answer to the second question was at least as favorable to defendant's cause as a similar answer would have been to the first question.

Defendant complains that the question of the negligence of Darrel Gaines and of Juanita Langley was taken from the consideration of the jury by the instruction of the court. The court instructed the jury that both were free from negligence.

In *Brown v. Hardin,* 197 Kan. 517, 419 P. 2d 912, it was said:

". . . Orders entered at pretrial conference have the full force of other orders of court and they control the subsequent course of the action, unless modified at the trial to prevent manifest injustice (K. S. A. 60-216). . . ." (p. 519.)

The pre-trial order in the present case indicates the parties agreed the collision was caused by a brake failure on the Gaines vehicle. The order clearly defines the issues to be determined as follows:

"2. The *remaining issues of fact* to be determined are as follows:

"A. Was defendant negligent in repairing the brakes of Darrell Gaines' automobile in either leaving a pin loose or leaving the pin out of the left front brake cylinder on either March 10, 1966, or May 20, 1966; the period of time to be identified by the plaintiff prior to trial.

"B. Was defendant's negligence the proximate cause of plaintiff's injuries and damages.

"C. The nature and extent of plaintiff's injuries and damages."

Therefore, no issue of negligence on the part of Gaines or of plaintiff remained in the case and the instructions properly removed such issues from consideration by the jury. The proximate cause of the collision was stipulated to be a brake failure on the Gaines automobile.

The defendant at the trial objected to the court's instructions because they failed to limit the defendant's liability to the specific act of negligence listed in the pre-trial order.

In summarizing the issues set forth in the pleadings and limited by the pre-trial order the court instructed as follows:

"The plaintiff in this action Juanita Langley alleges she was driving a 1965 Plymouth automobile and was stopped behind traffic headed south on Oliver at approximately the 3600 block south; also proceeding in a southerly direction on Oliver in the 3600 block thereof one Darrel Gaines was driving a 1956 Pontiac automobile and was approaching the rear end of the plaintiff's auto-

mobile and upon attempting to stop, his brakes failed and as a result he collided with the rear end of plaintiff's automobile. That this collision was proximately caused as a result of the negligence of the defendant Byron Stout Pontiac, Inc.; that the above occurred on the 28th of June, 1966, at 4:45 p. m."

Instruction No. 12 reads as follows:

"You are instructed that if you find from the evidence that the defendant in the repair of Darrell Gaines' automobile failed to exercise that degree of care and skill required of the garage repairmen, and that such defective repair work was the cause of said brake failure, then your verdict must be for the plaintiff and against the defendant."

The thrust of all evidence introduced at the trial on the cause of the brake failure related to·the missing bolt which should have secured the brake cylinder. No evidence of any other negligence was introduced.

The instructions to a jury are to be considered as a whole and in their entirety, and each instruction is to be considered in connection with all other instructions in the case. (*Schroeder v. Richardson,* 196 Kan. 363, 411 P. 2d 670; 4-6 Hatcher's Kansas Digest Supp. (Rev. Ed.) Trial § 186.) If the instructions to the jury properly and fairly state the law of the case when considered as a whole and if the jury could not reasonably be misled thereby the instructions should be approved on appeal. (*Hughes v. Atkinson,* 188 Kan. 413, 419, 362 P. 2d 618; *Wegley v. Funk,* 201 Kan. 719, 724, 443 P. 2d 323.)

Considering the instructions given in the present case and the limitations placed on the issues by the pre-trial order, we do not believe the jury was misled in any way. The instructions considered as a whole properly and fairly stated the law of the case.

Judgment is affirmed.

O'CONNOR and PRAGER, JJ., not participating.